JOHNSON et al. v. MASTERSON IRR. CO.
(No. 489.)

(Court of Civil Appeals of Texas. Beaumont. Nov. 14, 1919. Rehearing Denied Jan. 14, 1920.)

1. APPEAL AND ERROR ☞549(4)—FINDINGS OF FACT REVIEWABLE WITHOUT BILL OF EXCEPTIONS, WHERE JUDGMENT SHOWS EXCEPTIONS.

Where the judgment itself shows that appellants duly excepted to the action of the court in rendering judgment against them, they are entitled to have the trial judge's findings of fact reviewed, without properly authenticated bills of exception thereto.

2. HOMESTEAD ☞177(2)—GRANTOR ESTOPPED BY REPRESENTATIONS TO ASSERT HOMESTEAD.

Where at the time of an execution of a trust deed grantor was not occupying the land as a homestead, but was living several miles away on other land that he was claiming for his homestead and occupying as such, and the person making the loan relied on representations of the grantor in making the loan, to the effect that the property constituted no part of his homestead, the grantor is estopped from asserting homestead rights in the property.

3. HUSBAND AND WIFE ☞267(8)—BURDEN ON HEIR TO COMMUNITY PROPERTY OF MOTHER TO SHOW BAD FAITH OF PURCHASER FROM FATHER.

Since the title to community land, legal title to which stood in the name of the husband, which descended to children upon the death of their mother, is an equitable and not a legal title, the burden of showing notice of such title to a purchaser from the surviving husband is upon the children asserting the equitable title.

Appeal from District Court, Montgomery County; J. Llewellyn, Judge.

Action by the Masterson Irrigation Company against A. H. Inglett and another, in which J. F. Johnson and others intervened. Judgment for plaintiff, and the interveners appeal. Affirmed.

M. H. Broyles and R. H. Holland, both of Houston, for appellants.

J. E. Winfree, of Houston, for appellee.

HIGHTOWER, C. J. This was an action in the statutory form of trespass to try title, commenced by Masterson Irrigation Company, who is the appellee here, against A. H. Inglett and William Woodley, in the district court of Montgomery county, and involved the title to approximately 100 acres of land, a part of the Neal Martin survey in that county. Defendants, Inglett and Woodley, answered, disclaiming any interest in the land, and alleged that they were simply in possession as tenants under other persons, who afterwards intervened in the suit, and these interveners are the appellants here. One of these interveners, J. F. Johnson, is the father

by a former wife of all the other appellants herein.

The case was tried before the court without a jury, and resulted in a judgment in favor of appellee, Masterson Irrigation Company, against defendants and all interveners for the land in controversy.

On April 5, 1913, J. F. Johnson and his present wife executed a deed of trust to one M. T. Masterson, to secure the payment of Johnson's note in the sum of $1,200 made in favor of H. Masterson of Harris county, Tex., and this note was never paid by J. F. Johnson, and a substitute trustee in the deed of trust, J. E. Winfree, sold the land on the 5th day of June, 1917, to the Masterson Irrigation Company, the appellee, for the consideration of $500. J. F. Johnson, in his plea of intervention, alleged, substantially, that the deed of trust that he executed, on the land was void, for the reason that at the time he executed it the land in controversy constituted his homestead, he being a married man and the head of his family, and that it had always been his homestead, and been actually occupied by him as such from the date of its purchase by him in 1893. The other interveners alleged, substantially, that the land in controversy was community property, owned by their deceased mother and their said father, Frank Johnson, and that upon the death of their mother, which occurred in 1908, title to her one-half of this land descended to them as her legal heirs, and that, while their father, Frank Johnson, had executed the deed of trust under which the land was sold to appellee in this case, nevertheless no title was conveyed to their half interest therein, they not joining in such deed of trust nor authorizing its execution by him, not having any knowledge of the execution by him of such deed of trust; that they had never parted with their title to said land; and that appellee had never acquired any title to their portion of this land. To the petition in intervention of J. F. Johnson, appellee answered by general demurrer and general denial, and specially alleged the execution of the deed of trust by J. F. Johnson and his present wife to secure the payment of the note in favor of H. Masterson, as hereinbefore stated, and specially alleged in that connection that at the time of the execution of such note and deed of trust the said J. F. Johnson expressly declared that the 100 acres of land here involved constituted no part of his homestead, and that he was not occupying any part of same, and that in the deed of trust itself the said Johnson specially declared that the land here involved constituted no part of his homestead, and therein designated other and different land as constituting his homestead, and that appellee believed such declarations on the part of said Johnson and his present wife, and in good faith believed that the land in controversy constituted no part of his homestead, and, so believing, H. Masterson advanced said loan and took said deed of trust to secure the payment of said note, and that the said Johnson and wife are now estopped to claim said land as their homestead, and are estopped to deny the validity of said deed of trust, etc.

To the plea in intervention of the other appellants, the children of Frank Johnson by the former marriage, appellee alleged, substantially, that on the 12th day of April, 1913, and for many years prior thereto, the title to the land here involved was in J. F. Johnson, father of said children interveners; that it remained in him until the 21st day of January, 1913, when he conveyed same to one Wash Davenport; that subsequent to that time, to wit, on May 5, 1913, Wash Davenport reconveyed said land to said J. F. Johnson; that the legal title to said land then remained in said J. F. Johnson until June 5, 1917, when plaintiff purchased same at trustee's sale, paying value therefor, and without any notice of any equitable or outstanding title whatever, save that in J. F. Johnson; that the records of Montgomery county failed to show that Emma Jane Cook Johnson, who was the mother of the intervening children here, ever had title to said land, but, on the contrary, showed at the time that the note and deed of trust were executed, by virtue of which the sale was made at which plaintiff bought, that the legal title to said land was in J. F. Johnson; that plaintiff had no actual or constructive notice at the time of the trustee's sale of any one's claim to said land other than the legal title as asserted by the said J. F. Johnson; that plaintiff was an innocent purchaser, for value, of said land, and that said intervening children were estopped from setting up any claim to said land, and prayed for judgment against all of them for the title and possession of said land, rents, etc.

Upon request of appellants, the trial court filed the following findings of fact and conclusions of law:

"(1) On the 8th day of March, 1893, J. F. Johnson or Frank Johnson, purchased from J. W. Bird the land in suit, and received a deed from J. W. Bird. At the time said J. F. or Frank Johnson received the deed from J. W. Bird, he was a married man, his wife being Emma Jane Cook Johnson, and the said Emma Jane Cook Johnson is the mother of interveners, Lily Johnson Campbell, Annie B. Johnson Moses, James Johnson, Oscar Johnson, Mamie Johnson King, Ardmore Johnson Perkins, and Elmore Johnson.

"(2) On the ——— day of ———, 1908, the said Emma Jane Cook Johnson died.

"(3) Thereafter, the said J. F. or Frank Johnson married his second wife, whose name was Elizabeth Johnson, and afterwards, on the 5th day of April, 1913, the said J. F. Johnson and wife, Elizabeth Johnson, executed a deed of trust to M. T. Masterson, trustee, conveying the land in controversy, to secure the payment of a note for $1,200, and for the purpose of

collecting said note thereafter on June 5, 1917, J. E. Winfree, substitute trustee, at trustee's sale, foreclosed the lien on said property, and sold the same to Masterson Irrigation Company, and executed to said company a deed to the land.

"(4) That neither the Masterson Irrigation Company nor H. Masterson, nor any one acting for Masterson Irrigation Company or H. Masterson, had any knowledge that J. F. Johnson or Frank Johnson ever had a wife other than Elizabeth Johnson, and they had no notice that he was the father of the above intervenors, or that the above-named interveners were in existence, and that the plaintiff paid the money for the land in controversy in good faith, and without any notice of any claim to said land by the aforesaid interveners.

"(5) That J. F. Johnson and his wife, Elizabeth Johnson, at the time they mortgaged the land in suit to M. T. Masterson, trustee, designated their homestead, and disclaimed any interest in the land in controversy as a homestead. That at the time they designated their homestead, the property that they designated as such was owned by them, and Frank Johnson and his wife were living on same, and it is no part of the land in controversy, nor is it adjacent to same.

"(6) That the defendants, A. H. Inglett and William Woodley, disclaimed any interest in the land in controversy and set out a rent contract.

"(7) That none of the interveners, Lily Johnson Campbell, Annie B. Johnson Moses, James Johnson, Oscar Johnson, Mamie Johnson King, Ardmore Johnson Perkins, or Elmore Johnson, were living on said tract of land in 1913, and had not lived there on said tract of land since 1909, and plaintiff never had any actual or constructive notice of said interveners ever living on said tract of land.

### "Conclusions of Law.

"(1) The court on the facts concludes that the plaintiff is entitled to recover the land in controversy.

"(2) That the deed from J. F. Johnson and wife, Elizabeth Johnson, by J. E. Winfree, substitute trustee, passed legal title to the land in controversy to the plaintiff, Masterson Irrigation Company.

"(3) That the intervener J. F. Johnson is estopped from asserting a homestead claim to the land in controversy.

"(4) That plaintiff, Masterson Irrigation Company, is an innocent purchaser, for valuable consideration, in good faith, of the land in suit, without notice, and entitled in law to judgment for same."

[1] Appellants, by several assignments of error, have challenged the correctness of each finding of fact made by the trial court, as above shown, on the ground that such findings of fact have no support in the evidence. Appellee objects to the consideration of such assignments, on the ground that the record contains no properly authenticated bill of exceptions to such findings of fact on the part of the trial judge. It is true that the purported bills of exception, taken by the appellants to such findings on the part of the trial court, do not bear the approval of the trial judge, and in fact they fail to show that they were ever presented to him for approval, still, in view of the fact that the judgment itself shows that appellants duly excepted to the action of the court in rendering judgment against them, appellants are entitled to have the trial judge's findings of fact reviewed, without properly authenticated bills of exception thereto. Vernon's Sayles' Statutes, art. 1991; Smith v. Abadia, 67 S. W. 1077; Brenton & McKay v. Peck, 39 Tex. Civ. App. 224, 87 S. W. 898; Voight v. Mackle, 71 Tex. 78, 8 S. W. 623.

[2] Disposing first of the complaint of appellant Frank Johnson, who contends that the trial court should have rendered judgment in his favor on the ground that the deed of trust on the land in controversy was void for the reason that the same constituted his homestead at the time of the execution of the deed of trust, we content ourselves with saying that the proof is abundantly sufficient to show, and, in fact, we think undisputed when the record is carefully read, to the effect that at the time this deed of trust was executed, Frank Johnson was not occupying the land in controversy as a homestead, but, on the contrary, was living several miles away on other land that he was claiming for his homestead and occupying as such, which other tract was in no manner contiguous to the land in controversy. The record contains evidence abundantly sufficient to show that at the time H. Masterson made the loan of $1,200 to Frank Johnson and took the deed of trust to secure its payment he believed in good faith that the land in controversy constituted no part of Johnson's homestead, and that he relied, in making the loan, upon the express recitations of Johnson at the time, to the effect that such property constituted no part of his homestead, and that he would not have made the loan to Johnson had he known that there was any claim of homestead asserted or to be asserted by Johnson to the land in controversy. There is no use to cite authorities in support of the proposition that these facts estopped J. F. Johnson from asserting homestead rights in this property, and all his assignments of error are therefore overruled.

We have read the record of the evidence very carefully in connection with the assignments of error made by the other appellants, questioning the correctness of the trial court's finding to the effect that the Masterson Irrigation Company was an innocent purchaser at the trustee's sale, for value, as against the claim of the children of Frank Johnson, who inherited, upon the death of their mother, her half interest in the community estate, and we have reached the conclusion with reference to such assignments that we would not be warranted in holding that the trial court was in error in concluding that the evidence was in-

sufficient to show that appellee was not an innocent purchaser as to the interest in the land owned by such children.

[3] Whatever may have been the unsatisfactory state of the decisions of our appellate courts at one time, it is now well settled that the title which passed to the children of Johnson's first wife upon her death was an equitable title, and the record in this case shows, without contradiction, that the legal title to the tract of land in controversy stood in the name of J. F. Johnson at the time of the execution of said deed of trust, as well as at the time of the sale by the trustee and purchase by appellee; and, this being true, the burden of proof rested upon appellants to show that appellee was not an innocent purchaser of their equitable title or interest in this tract of land. Patty v. Middleton, 82 Tex. 586, 17 S. W. 909. Judge Stayton, in the decision of the case just mentioned, reviewed the authorities at much length touching on this question, and reached the conclusion that the title to community land, deed to which stood in the name of the husband, which descended to children upon the death of their mother, was an equitable title, and not a legal title, and that the burden of showing notice of such title to a purchaser from the surviving husband was upon the children asserting the equitable title.

We do not care to enter into a discussion of the principles of law governing this question, because they could be made no plainer than Judge Stayton announced them in Patty v. Middleton, supra. We simply hold in this case that the burden of proof was upon appellants, who are the children of Frank Johnson's first wife, to show to the satisfaction of the trial court that the appellee was not an innocent purchaser of the land in controversy, and that the record is not such that we would feel authorized to reverse the holding of the trial court on that question of fact and substitute our own judgment in its stead.

This, in effect, disposes of all assignments made by appellants, and necessarily results in an affirmance of the judgment of the trial court; and it will be so ordered.