E. T. ROSE ET AL. v. PAULINE TURNER ET AL.

No. 5031.   Decided May 23, 1928.
(7 S. W., 2d Series, 70.)

*Rose & Sample,* for appellants.

Plaintiffs as purchasers of the land involved herein under judgment foreclosure of state and county delinquent tax lien for taxes owing for the tax year 1923 obtained absolute title to said land with immediate right of possession thereof, free from any right of possession or right of redemption by paying double the purchase price, within two years from date of sale, in favor of defendants. Vernon's Comp. Tex. Stats. 1920, Arts. 7696–97; Vernon's Ann. Tex. Stats. (Civ.), Vol. 20, Art. 7340; Vernon's Ann. Tex. Stats. (Civ.), Vol. 20, Art. 7330; Acts 3rd Called Session Leg., 1920, page 103; Acts 2nd Called Session Leg., 1923, pages 31–41; Acts 3rd Called Session Leg., 1923, pages 180–186; Carter v. Munzensheimer, 272

S. W., 277; Fleming v. Powell, 2 Texas, 225; Miller v. Alexander, 8 Texas, 26.

The issue presented calls for a construction of the Acts of the 3rd Called Session of the Thirty-Sixth Legislature (1920), page 103. Prior to the time that act of the Legislature went into effect Arts. 7696 and 7697, Vernon's Complete Tex. Stats., 1920, controlled.

It will be seen that up to the enactment during the 3rd Called Session of the Thirty-Sixth Legislature of our present Statute, Art. 7340, taking place of the two old Arts. 7696 and 7697, one amount was required to be paid by the owner of the land in order to redeem from a purchaser other than the State or a city or town and a different amount was required to redeem from the State or a city or town as a purchaser. The Act of 1920 seems to be a re-enactment of old Art. 7697, without re-enacting Art. 7696, and expressly repealing all laws in conflict with said act.

The compilers of the new statutes entirely omitted Art. 7696 of the old Statutes from their compilation, evidently taking the view that it had been repealed by the 1920 Act or repealed or nullified by the Acts of 1923, 2nd and 3rd Called Sessions.

*Huson & Huson* and *Guy E. Bonham,* for appellees.

We believe that the saving clause in the 1925 Statutes is plain and unambiguous and disposes of both questions certified without necessity for further argument.

In justice to the Court of Civil Appeals, we will state that this provision of the statute was not called to its attention by either party until after the appellees' amended motion for rehearing had been filed. But the court had probably already certified the question.

MR. JUDGE SPEER delivered the opinion of the Commission of Appeals, Section B.

The Honorable Court of Civil Appeals for the First District has certified to the Supreme Court the following questions:

"First: Since the repeal of Article 7696 Revised Civil Statutes of 1920 are persons whose land has been legally sold to individuals under tax judgments rendered for collection of state and county taxes empowered to redeem said land by paying to such individual purchaser double the amount paid by the purchaser at the tax sale for the land?"

"Second: Since the State's cause of action in the present case was for the taxes due for the year 1923 and accrued in February 1924 and could have been brought at any time prior to the repeal of

Article 7696, could appellees invoke said article in their behalf as authorizing them to redeem the land within two years from the date of its sale?"

Article 7696 of the Revised Civil Statutes 1911 provides:

"Where lands are sold under the provisions of this chapter, the owner, or any one having an interest therein, shall have the right to redeem said land or his interest therein within two years from the date of said sale upon the payment of double the amount paid for the land."

Article 7340 of the codification of 1925 provides:

"Where lands or lots shall hereafter be sold to the state or to any city or town for taxes under decree of court in any suit or suits brought for the collection of taxes thereon or by a collector of taxes or otherwise, the owner or any one having an interest in such lands or lots shall have the right at any time within two years from the date of sale to redeem the same upon payment of the amount of taxes for which sale was made, together with all costs and penalties required by law and also payment of all taxes, interest, penalties and costs on or against said land or lots at the time of the redemption."

It will be observed the right of redemption here expressly conferred applies only to lands or lots sold to the State or to a city or town for taxes, and does not include sales made to an individual purchaser as in the case certified, and because of this omission and the assumption of the repeal of Article 7696, the question has arisen.

But the assumption of such repeal is not justified.

By Section 2 of the Codification Act, there is this repealing clause:

"That all civil statutes of a general nature in force when the revised statutes take effect and which are not included herein or which are not hereby expressly continued in force are hereby repealed."

By Section 9 it is expressly provided:

"That all laws * * * fixing a time limit in which to redeem lands sold for taxes * * * are continued in force."

So that, by this provision Article 7696 has not been repealed but is continued in force.

We therefore recommend that the first question be answered in the affirmative, and this renders it unnecessary to answer the second one.

The opinion of the Commission of Appeals answering certified questions is adopted and ordered certified.

*C. M. Cureton,* Chief Justice.