**ROSE et al. v. TURNER et al.   (No. 9032.)**

Court of Civil Appeals of Texas.   Galveston.
July 10, 1928.

Rehearing Granted March 14, 1929.

434

Rose & Sample, of Edna, for appellants.
Guy E. Bonham, of Edna, and Huson & Huson, of San Antonio, for appellees.

LANE, J. At a former term of this court we held that, since article 7696 of the Complete Texas Statutes of 1920, giving to the owner the right to redeem land sold to an individual under execution and order of sale issued upon a valid judgment for taxes due the state and county, was not carried forward into the Revised Civil Statutes of 1925, such article was repealed; and that since such repeal there was no law giving such owner the right to redeem the land so sold. Having so held, we reversed so much of the judgment of the trial court as decreed to the appellees'in the present case the right to such redemption.

Pending a motion of appellees for a rehearing, we certified to the Supreme Court the following question: "Since the repeal of Article 7696, Revised Civil Statutes of 1920, are persons whose land has been legally sold to individuals under tax judgments rendered for collection of state and county taxes empowered to redeem said land by paying to such individual purchaser double the amount paid by the purchaser at the tax sale for the land?"

In disposing of the question certified, the Supreme Court, in an opinion rendered on the 23d day of May, 1928, 7 S.W.(2d) 70, not yet officially published, said:

"The assumption of such repeal is not justified.

"By Section 2 of the Codification Act (Vernon's Ann. Civ. St. 1925, Final Title) there is this repealing clause:

" 'That all civil statutes of a general nature in force, when the revised statutes take effect, and which are not included herein, or

which are not hereby expressly continued in force, are hereby repealed.'

"By Section 9 it is expressly provided:

"'That all laws * * * fixing a time limit in which to redeem lands sold for taxes * * * are continued in force.'

"So that by this provision Article 7696 has not been repealed, but is continued in force."

Since receipt of the above answer of the Supreme Court, we have granted the motion for rehearing, set aside our former judgment, and withdrawn our opinion heretofore written by us and filed with the papers in this cause, and the case is now before us for further consideration and the disposition of the issues presented by the appeal.

E. T. Rose and S. G. Sample brought this suit against Pauline Turner, widow of Siah Turner, deceased, and against George Henry Turner, Mrs. Annie Singleton, Alzena Turner, and Maxine Turner, children of Siah and Pauline Turner, in the usual form of suits of trespass to try title, to recover the title and possession of a certain tract of land containing 59 acres, situated in Jackson county, Tex., and, in the event it should be held by the court that they were not entitled to a recovery of the title and possession of the land, to recover upon a note for the sum of $500 executed and delivered by Siah Turner and wife, Pauline Turner, to one S. C. Cappel on the 7th day of March, 1921, and for the foreclosure of/a deed of trust executed by said parties on said 59 acres of land on said 7th day of March, 1921, to secure the payment of said note; said note and lien having been for a valuable consideration transferred to and become the property of plaintiffs.

Plaintiffs alleged that on the 7th day of September, 1926, they purchased said land at sheriff's sale made under and by virtue of a judgment of the district court of Jackson county for the collection of unpaid taxes due upon said land. In the alternative, they alleged that they were the owners of the $500 note above described, and of the lien given by Turner and wife to secure its payment.

They alleged that Siah Turner died on the 30th day of June, 1925, intestate, and left surviving him his widow, Pauline, and the other defendants, his children, who were his sole heirs; that no administration had been taken out upon his estate, and that no necessity existed therefor. They prayed for title and possession of the land, and in the alternative that the court determine and establish the sum due them against the estate of Siah Turner, and for a foreclosure of their lien on the land as against all defendants.

Defendants answered by specially excepting to plaintiffs' alternative plea, insisting that it showed that the note and lien were barred by the four years' statute of limitation; by a plea of not guilty, and general denial. They admitted in their answer the execution and delivery of the $500 note sued upon by Siah and Pauline Turner to S. C.

Cappel, together with the deed of trust given to secure its payment. That part of the answer making the admission mentioned is as follows:

"Comes now defendants in the above entitled and numbered cause and for further answer, herein, if the same be necessary, without waiving any former pleas, and would show the court that the note for the sum of Five Hundred ($500.00) Dollars dated March 7, 1921, fully described in paragraph seven of plaintiffs' first amended original petition, was in fact delivered by defendant, Pauline Turner, and Siah Turner, now deceased, as alleged by plaintiffs, and that defendant, Pauline Turner, together with her husband, Siah Turner, for the purpose of securing the services of S. C. Cappel and getting him to accept the said $500.00 note, did execute and deliver to the said S. C. Cappel a deed of trust of even date with said note, conveying to said S. G. Sample, Trustee, the land described in paragraph three of plaintiffs' first amended original petition to secure the payment of the aforesaid $500.00 to S. C. Cappel, but that at the time of the execution of same the makers of said deed of trust and this defendant, Pauline Turner, had no other land not exempt to them within the State of Texas except the said land described in said deed of trust, and that the said defendant, Pauline Turner, and Siah Turner, her husband, now deceased, claimed such 59.7 acres of land as their homestead from the time they acquired said land up until the time of the death of Siah Turner on or about the 30th day of June, A. D. 1925, and that the defendant, Pauline Turner, has claimed and used and occupied by tenants said land continuously from about the year 1906 until the present time, and they have had no other homestead in the State of Texas nor elsewhere except the said 59.7 acres aforesaid, and that said land is exempt from forced sale such as plaintiffs are attempting to secure in their pleadings in this cause, and defendants are entitled to have said land delivered free and clear of all liens by this court and have all clouds removed from their title created by virtue of such liens as plaintiffs are attempting to set upon it in their first amended original petition herein. At the time of the execution and delivery of said deed of trust to said S. C. Cappel, the said S. C. Cappel was well aware of and had knowledge of the fact that the defendant, Pauline Turner, and her husband, Siah Turner, did not have more land within the State of Texas than was exempt to them as their homestead, and was aware of the fact that the makers of said deed of trust were farming the said 59.7 acres of land through tenants at the time of taking said deed of trust."

Defendants in their answer also admitted the purchase of the land by plaintiffs at sheriff's sale, as alleged by them, but averred that they (defendants) had by virtue of law

two years from the date of such purchase within which to redeem the title to the land, and that during such time they were entitled to possession thereof.

Plaintiffs, by their first supplemental petition, excepted generally to the answers of defendants, and specially excepted to the plea attempting to set up homestead rights of defendants, pleaded general denial, and affirmatively alleged that neither Siah Turner nor the defendants ever resided upon said tract of land or used or claimed it as a homestead, or ever intended to occupy it as a homestead, and, by way of estoppel to claim said land as a homestead, pleaded that the deed of trust itself contained a representation that at the time of the execution thereof the mortgagors had their homestead on lands other than the said 59-acre tract, and that the said mortgagors represented to the said Cappel that said 59-acre tract of land was not then their homestead nor claimed by them as such, and that they had other lands which they claimed as their homestead and which were their homestead, and that they had never lived on said 59-acre tract, and that there was nothing to put Cappel on notice that such land was the homestead of the mortgagors or claimed by them as such, and that but for the representations made to him by the mortgagors the said Cappel would not have accepted said note and deed of trust.

The case was tried by the court without a jury. The court overruled all exceptions of the defendants to the plaintiffs' petition, as well as all exceptions of the plaintiffs to the defendants' answer. After hearing the evidence of all parties, the court rendered judgment decreeing that the plaintiffs recover of and from the estate of Siah Turner, deceased, the sum of $763.59, same being the principal and interest due upon the $500 note sued upon, with interest thereon at the rate of 10 per cent. per annum from date of judgment until paid, and that execution issue against any and all property of said estate subject to execution, and that for collection of the sum so adjudged plaintiffs should have such further remedies as are authorized by law. The court, however, refused to foreclose the deed of trust lien declared upon by the plaintiffs, reciting as follows: "That at the time of the execution and delivery of the deed of trust from Siah Turner and Pauline Turner to S. C. Cappel, declared upon herein by plaintiffs, such deed of trust bearing date of March 7, 1921, the land therein and hereinafter described was the homestead of the said Siah Turner and his wife, the defendant Pauline Turner, and defendants are not now estopped to claim such land was then the homestead of said Siah Turner and Pauline Turner, and the execution and delivery of said deed of trust did not operate to create any lien or encumbrance upon the hereinafter described land." Such recitals are followed by a description of the 59 acres of land involved in the suit.

The court also found that the sale of the land made by the sheriff by virtue of an execution and order of sale issued upon the tax judgment, pleaded by the plaintiffs, passed a valid and legal title to the land to the plaintiffs who were the purchasers of the same at such sale, subject only to the rights of the defendants, their heirs or assigns, to redeem the same from such tax sale at any time within two years from the date of sale, by complying with the law relative to redemption of land sold for taxes.

In view of the decision of the Supreme Court in disposing of the question certified to it by this court, which we have hereinbefore set out, and section 9 of the final title of the Revised Statutes of 1925, which provides that all laws fixing a time limit in which to redeem land sold for taxes are continued in force, cited by the Supreme Court, it is apparent that article 7696 of the Statutes of 1920 has not been repealed, but is still in full force and effect. This being true, it is also apparent that the trial court did not err in refusing to award to appellants absolute title and immediate possession of the land sued for by virtue of their purchase thereof at the sale made under and by virtue of the tax judgment.

Since we prepared and filed our former opinion, appellees have, in their motion for rehearing, for the first time directed our attention to the fact that the tax judgment rendered against Siah Turner, by virtue of which the land was sold to appellants, was rendered after the death of Turner, and without making his heirs or any representative of his estate a party to the suit. Thus it is shown that the judgment was void, and that as a sequence the sale made by the sheriff under and by virtue thereof was also void, and therefore his deed to appellants passed no title to them, and, since they base their claim of title to the land alone upon the sheriff's deed, it is apparent that they are not entitled to a judgment for the recovery of the land.

We are now brought to a consideration of the question as to whether or not appellants were under the pleadings and evidence entitled to a foreclosure of their deed of trust lien, asserted by them in their alternative plea. The defendants plead the statute of limitations in bar of the plaintiffs' suit upon the note. That issue was not submitted to the jury, but the trial court found that the plaintiffs were entitled to a recovery upon the note and rendered judgment in their favor for the amount due thereon. From such finding it must be assumed that the court found the issue of limitation against the defendants, and such finding is not attacked by appellees by cross-assignment. Notwithstanding the trial court rendered judgment

for the plaintiffs for the sum due on the note, it refused to foreclose the plaintiffs' asserted deed of trust lien upon the land, holding that such lien was void in that it was the homestead of Turner and wife at the time of the execution and delivery of the deed of trust.

Appellants have assigned such refusal as error, insisting, first, that there was neither pleading nor evidence to support the finding of the court that the land was the homestead of Turner and wife at the time of the execution and delivery of the deed of trust, and, second, that the undisputed evidence shows that, as an inducement to S. C. Cappel, the payee in the note, to accept said note and deed of trust in payment for valuable services performed by him for them, they at the time of such execution and delivery represented to Cappel that the 59 acres of land was not their homestead and was not claimed by them as a homestead; that they had other lands which they claimed as their homestead; that the undisputed evidence further shows that Turner and wife were not living upon the land at the time such representations were made and the note and deed of trust executed and delivered to Cappel; that it is shown on the face of the deed of trust executed by Turner and wife, introduced in evidence, that the representations above mentioned were written into the deed before it was executed by Siah and Pauline Turner, and that the same was thereafter delivered to Cappel; that Cappel had no notice or knowledge that such representations were false, nor was he in possession of any fact which would reasonably lead him to suspect them to be false; that Cappel believed such representations to be true and relied on same as true, and, so relying, in good faith accepted said note and deed of trust, for which he paid a valuable consideration; and therefore the court erred in holding that appellees were not estopped to set up a claim of homestead, as they sought to do, as a defense to plaintiffs' suit for a foreclosure of their deed of trust lien; and that, in view of such undisputed evidence, they are entitled to have this court reverse the judgment of the trial court, and to render judgment in their favor foreclosing their said lien on the 59 acres of land.

■ We think both of the contentions of appellant last stated should be sustained. We have set out that part of the fifth paragraph of the defendants' answer attempting to plead homestead. The plaintiffs filed and presented their special exceptions to such part of said paragraph because it does not allege any fact or facts which, if true, would constitute the 59 acres of land the homestead of Siah and Pauline Turner. The court overruled said exceptions. We agree with appellants that the matter alleged by appellees relative to homestead does not sufficiently plead homestead.

We are also of opinion that the proof goes but little, if any, further than does the pleadings to show that Siah Turner either made the land his homestead or that he ever intended to do so. He and his wife, Pauline, declared in the deed of trust executed and delivered by them to Cappel that at the time the same was executed and delivered they had their homestead on land owned by them in Jackson county, Tex., other than that upon which they were giving the lien.

The facts constituting the estoppel pleaded by the appellants were shown by the undisputed evidence as follows: Siah Turner and wife, Pauline, for a valuable consideration passing to them from one S. C. Cappel, executed and delivered to Cappel the $500 note involved in this suit, together with the deed of trust given to secure its payment. At the time of such execution and delivery, Siah Turner represented to Cappel that the 59 acres of land was not claimed by them as a home, or any part thereof. Such representations were substantially written into the deed of trust above mentioned. At the time of the execution and delivery of said note and deed of trust, Turner represented to Cappel that they had other land which constituted their home. At the time of such representations, execution, and deliveries, Turner and wife did not live on the 59 acres, nor had they ever at any time actually occupied the same. Cappel had at no time actual or constructive notice that Turner and wife had at any time intended to make said land their home, if any such intention they had, but, to the contrary, he relied upon the representation so made to him as true, and, so relying, accepted said note and deed of trust, paying a valuable consideration therefor. Turner and wife, nor either of them, had done any act within the knowledge of Cappel which would reasonably lead him in the exercise of ordinary care to suspect that they intended at any time to make said land their home, or any part thereof. In view of the facts stated, we think that appellants are entitled to a judgment foreclosing their deed of trust lien.

In Steves v. Smith, 49 Tex. Civ. App. 126, 138, 107 S. W. 141, at page 147, it is said: "It is equally well settled that, where claimants are not in actual possession, subjecting the property to homestead use, representation amounting to fraud will estop them from setting up the claim against persons acting on such representations in ignorance of the homestead claim"—citing many authorities.

■ Where a man and wife were not occupying premises or in such physical possession thereof as would give notice of a claim of the homestead character, they are estopped from setting up the claim of homestead thereto against a person to whom they had represented that such property was not their homestead and upon which representations the lender relied and loaned them money upon their executing a deed of trust to se-

cure its repayment. Turrentine v. Doering (Tex. Civ. App.) 203 S. W. 803; Johnson v. Masterson Irr. Co. (Tex. Civ. App.) 217 S. W. 407; Calvin v. Neel (Tex. Civ. App.) 191 S. W. 792.

Basing our conclusions upon the facts stated, we are of opinion that appellants are entitled to a foreclosure of their deed of trust lien on the 59 acres of land described in their petition. We therefore reverse so much of the judgment as refused such foreclosure, and here render judgment for appellants, foreclosing such lien, and direct that an execution and order of sale issue for the seizure and sale of the land in manner and form as required by law for the payment of the judgment rendered in favor of appellants. In all other respects the judgment is affirmed.

Affirmed in part, and in part reversed and rendered.

### On Motion for Rehearing.

Appellees have filed their motion for a rehearing and insist, first, that we erred in maintaining jurisdiction of this appeal, in that it is shown by the undisputed evidence that at the time this suit was instituted Siah Turner, against whom judgment herein was rendered, was dead; that four years had not elapsed between the time of his death and, the institution of the suit; that he died possessed of property and owing debts other than the debt sued for herein by appellants, and it being thus shown that there was a necessity for an administration upon his estate; and that the county clerk of Jackson county had, and still has, exclusive jurisdiction over the estate of Siah Turner, deceased, in the adjudicating of claims against the same; and that, as the trial court was without jurisdiction to maintain appellants' suit, this court was also without jurisdiction.

■■ As shown in our original opinion, appellants alleged that no administration upon the estate of Siah Turner had been taken out, and that none was necessary. If such allegation was supported by proof, the trial court had jurisdiction to try the cause. The court entertained the suit to its determination and rendered a final judgment therein, and, in the absence of a showing to the contrary, this court will presume that the trial court, before whom the cause was tried without a jury, found every essential fact necessary to sustain his jurisdiction.

The question of jurisdiction, so far as shown by the record, was not raised in the trial court nor presented to this court in the briefs of either party, and was not mentioned in any manner until the cause had been submitted and an opinion rendered, and not until the motion for rehearing was filed in this court, and as a sequence no attempt was made to point out the evidence relative to the matter of jurisdiction in this court before the rendition of our judgment, nor has any party directed our attention to any evidence bearing upon the question by motion for rehearing or otherwise. It is true that in appellees' motion it is said that Siah Turner, at the time of his death, owed many debts, and that there was a necessity for an administration upon his estate, but no fact or facts relative to whether there were or were not any such debts at the time of the institution of this suit are shown, nor is there any reference to any record where such facts may be found.

It is not incumbent upon this court to scrutinize the statement of facts for the purpose of discovering whether there is or is not some evidence upon which the judgment of the trial court can be sustained. In the absence of any affirmative showing to the contrary, the appellate court will presume that the trial court had before it evidence to support its jurisdiction.

Appellees' second contention for a rehearing is that this court erred in holding that there was neither pleading nor evidence to support the finding of the trial court that the land involved in the suit was the homestead of Siah Turner and family at the time he and his wife, Pauline, executed and delivered to S. C. Cappel a deed of trust upon the same.

■■ We still adhere to our conclusion that the existence of the facts pleaded by appellees would not constitute a homestead, but, as the trial court overruled appellants' demurrer to such pleadings and thereby held that they were sufficient, it would be unfair to appellees to decide the cause favorable to appellants, upon the ground that appellees' pleadings were insufficient, without giving them an opportunity to amend such pleadings. We have, however, reached the conclusion that we erred in holding in effect that there was no evidence to support appellees' plea of homestead, but we think that the findings of the trial court that the land involved was the homestead of the Turners at the time of the execution and delivery of the deed of trust to Cappel by Turner and wife, and its finding that appellees were not estopped to set up homestead exemption to the land, is so against the great weight and preponderance of the evidence as to be clearly wrong.

Having reached the conclusion as above expressed, it becomes our duty to grant the motion for rehearing and to reverse the judgment and remand the cause, and it is accordingly so ordered.