## PEARSALL INDEPENDENT SCHOOL DIST. v. WIDNER et al.

No. 10779.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 31, 1940.

P. M. Tillotson, of Pearsall, for appellant.

Woodrow Curtis, of Pearsall, for appellees.

SMITH, Chief Justice.

Pearsall Independent School District instituted this suit against O. M. Widner and wife to recover taxes alleged to be due by them to the District, and to establish and foreclose a tax lien therefor on certain property owned by the Widners, for the years 1928 through 1938. The District also impleaded as defendants the City of Pearsall, the County of Frio, and the State of Texas, requiring those entities to appear and answer and assert any claims, if any they have, for delinquent taxes upon said property, alleged to be situated in the District, City and County involved. Those entities were so impleaded, and duly served with process, in accordance with the provisions of Art. 7345b, Vernon's Ann.Civ.Statutes.

The City of Pearsall appeared and answered, setting up its claim for delinquent taxes alleged to be due on the property. The State and Frio County also appeared, but, instead of asserting any claims for taxes, moved that they be dismissed from the proceeding, "without prejudice to (their) legal rights and legal remedy." As grounds for their prayer of dismissal, the State and County, through their representatives, alleged: "That to force and compel the taxing units of the County of Frio and State of Texas to interplead and force a foreclosure of their tax liens at the present time, the said taxing agencies are of the opinion that their legal rights and remedies would be greatly prejudiced, on the grounds that a sale of the foreclosed lien would not work to the best interests of the taxing agencies. That a continued drouth has materially affected the value of the property upon which the county and state taxing agencies would foreclose their liens. That delinquent tax suits have heretofore been filed have not worked to the best interests of the taxing agencies. That the cost in said suits have, in the opinion of the taxing agencies, been exorbitant and the said taxing units have been materially damaged because of sand."

The trial judge granted said motion and dismissed the State and County from the suit, without prejudice, as prayed for, and rendered judgment upon the merits in favor

of the School District and City of Pearsall for the taxes found to be due them; ordered foreclosure of their tax liens, and sale of the taxed property thereunder, and provided that the purchaser at such sale "shall take title free and clear of all liens and claims for taxes * * * except for the lien or claim of the State of Texas and County of Frio." The District has brought this appeal from that judgment.

The contentions of appellant, the School District, are, in brief, that the State and County were necessary parties to the suit under the provisions of Art. 7345b, supra; that the trial court erred in dismissing the State and County without prejudice, and directing that the property be sold, and the title conveyed to the purchaser, subject to the lien or claim of the State and County.

We quote the pertinent provisions of Art. 7345b (all italics ours):

"Sec. 2. In any suit hereafter brought by or in behalf of any taxing unit as above defined, for delinquent taxes levied against property by any such taxing unit, the plaintiff may implead as parties defendant any or all other taxing units having delinquent tax claims against such property, or any part thereof, *and it shall be the duty of each defendant taxing unit, upon being served with citation as provided by law to appear in said cause and file its claim for delinquent taxes against such property, or any part thereof.* * * *

"Sec. 3. * * * After citation * * any taxing unit that has been made a party defendant to such suit may by answer or intervention set up and have determined its tax claims without the necessity of further citation or notice to any parties to such suit. As amended Acts 1939, 46th Leg., H. B. # 565, § 1.

"Sec. 4. Each party to such suit shall take notice of, and plead and answer to, all claims and pleadings then on file or thereafter filed in said cause by all other parties therein, and the citation upon each defendant shall so recite. * * *

"Sec. 8. * * * the net proceeds of any sale of such property made under decree of court in said suit to any party other than any such taxing unit shall belong and be distributed to all taxing units which are parties to the suit which by the judgment in said suit have been found to have tax liens against such property, pro rata and in proportion to the amounts of their respective tax liens as established in said judgment, but any excess in the proceeds of sale over and above the amount necessary to defray the costs of suit and sale and other expenses hereinabove made chargeable against such proceeds, and to fully discharge the judgments against said property, shall be paid to the parties legally entitled to such excess.

"Sec. 9. If the property be sold to any taxing unit which is a party to the judgment under decree of court in said suit, the title to said property shall be bid in and held by the taxing unit purchasing same for the use and benefit of itself and all other taxing units which are parties to the suit and which have been adjudged in said suit to have tax liens against such property, pro rata and in proportion to the amount of the tax liens in favor of said respective taxing units as established by the judgment in said suit, * * and when such property is sold by the taxing unit purchasing same, the proceeds thereof shall be received by it for account of itself and all other said taxing units adjudged in said suit to have a tax lien against such property, and after paying all costs and expenses, shall be distributed among such taxing units pro rata and in proportion to the amount of their tax liens against such property as established in said judgment. * * *

"The Sheriff shall * * * distribute the [net] balance among the taxing units participating in said original judgment pro rata and in proportion to the amount of their tax liens against such property as established in said judgment.

"Sec. 10. The purchaser of property sold for taxes in such foreclosure suit shall take title free and clear of all liens and claims for taxes against such property delinquent at the time of judgment in said suit to any taxing unit *which was a party to said suit or which had been served with citation in said suit as required by this Act.* * * * * "

Article 7345b is of recent enactment, and has not been the subject of construction in any decision coming to our notice, except incidentally in a case by this court, in which Justice Slatton, writing for the court, said that "evidently it was intended [by this Act] to avoid a multiplicity of suits and no doubt to equally protect the interests of the various taxing units involved." Willacy County Water Control Dist. v. Lewis, Tex.Civ.App., 119 S.W.2d 159, 160. We reiterate that conclusion. It is perfectly obvious that the primary and chief purpose of the act was to prevent multiplicity of suits by providing for the inclusion of all taxing units, and adjudicating the claims of all of them, in any

suit for taxes brought by any one or more of said units, to fix accrued tax claims upon given properties. The property involved here was subject to taxation, and presumably was assessed for taxes, by four different taxing units, to-wit: the State, the County, the School District and the City. Under prior statutes each of those units was left to its own time and devices to fix a tax lien upon a particular property, leaving each of the other three units to select the time and means of establishing and enforcing its own tax lien against the property, with the frequent result of the institution and prosecution of four different suits, judgments, executions, sales and conveyances of the taxed property, with all the multiplied proceedings, pyramided costs, confusion of titles, and complicated rights of redemption; whereas, by the enactment of Art. 7345b, the remedies of the four units may and were intended to be enforced in one proceeding, under one adjudication, through foreclosure of one lien at one sale, subject to one redemption. The wisdom of the act is obvious, and its simple provisions ought to be enforced by the courts.

In this case the District properly impleaded the other taxing units, in accordance with the legislative mandate. The other units were duly served with citation, but instead of meeting the spirit as well as the letter of the act, by setting up their claims for taxes, the State and County prayed that they be dismissed from the suit, without prejudice to their claims, on the ground that in the opinion of their representatives the property would not bring an advantageous price at an early sale.

■ We are of the opinion that the trial court erred in dismissing the State and County without prejudice to their right to assert and establish a tax lien upon the property involved at their own convenience in the future, for, under § 2 of Art. 7345b, it was their "duty * * * to appear in said cause and file its claim for delinquent taxes against" the property involved. If those entities had any claims they should have asserted them and procured an adjudication; if they had no claims, then they should have disclaimed, so that unconditional judgment could have been rendered upon the claims actually asserted and adjudicated, and the property ordered sold without the burden of postponed liens, and conveyed "free and clear of all liens and claims for taxes against such property delinquent at the time of judgment in said suit to any taxing unit

which was a party to said suit or which had been served with citation in said suit as required by this Act," as provided in § 10 of Art. 7345b.

■ By the same token we think the trial court erred in decreeing that the purchaser of the property take title subject to the postponed "lien or claim" of the State of Texas and Frio County. We think the clear intent of the Legislature, as expressed in mandatory terms in Art. 7345b, was to require all taxing units having claims for taxes to assert and procure adjudication of their tax liens, if any they had, in the one action.

For that purpose the judgment will be reversed and the cause remanded, with directions that upon further proceedings in the trial court the claims, if any, of the State of Texas and County of Frio, be adjudicated and all taxing units concluded by final judgment.

Reversed and remanded, with instructions.