## CITY OF EL PASO et al. v. FORTI.

### No. 4362.

Court of Civil Appeals of Texas.  El Paso.
Feb. 3, 1944.

Rehearing Denied March 9, 1944.

Rehearing Denied M arch 9, 1944.

Travis White, City Atty., and Ernest Guinn, Co. Atty., both of El Paso, for appellants.

E. W. Earl, of El Paso, for appellee.

SUTTON, Justice.

This is an appeal from a declaratory judgment of the Sixty-fifth District Court of El Paso County.

The facts are undisputed and very brief. Evelyn Gobel Forti owned real property within the City of El Paso upon which was due certain delinquent taxes. The property was foreclosed upon in a proper tax proceeding and was bid in by the City of El Paso for its benefit and the benefit of other taxing units, parties to the suit. Within the second year of the period of redemption the owner sought to redeem under the provisions of Art. 7340, R.C.S. 1925, and declined to pay the fifty per cent penalty provided in Sec. 12, Art. 7345b, Vernon's Ann. Civ.St., Acts 1937, c. 506, p. 1494-a. The City, as plaintiff, and the State and El Paso County, as interveners, sought a declaratory judgment on the issue presented. The appellee, defendant in the tax suit, joined in the prayer. The trial court found in defendant's favor, from which the other parties perfected this appeal.

As stated by the appellants, the sole question presented for decision is whether Art. 7340 has been repealed by implication. Appellants contend it has been thus repealed by Art. 7345b, supra.

Art. 7340 provides in substance where lands in any manner are sold for taxes to the State or any city or town the same may be redeemed "upon payment of the amount of taxes for which sale was made, together with all costs and penalties required by law, and also payment of all taxes, interest, penalties and costs on or against said land or lots at the time of the redemption."

Sec. 12, Art. 7345b, provides, in substance, "In all suits heretofore or hereafter filed to collect delinquent taxes against property" and "whenever land is sold under judgment in such suit for taxes" the same may be redeemed, "within the first year of the redemption period, upon the payment of the amound bid for the property by the purchaser at such sale, including a One ($1.00) Dollar tax deed recording ·fee and all taxes, penalties, interest and costs thereafter paid thereon, plus twenty-five per cent (25%) of the aggregate total"; and within the last year by payment of (same as preceding provision) "plus fifty per cent (50%) of the aggregate total."

There is no repealing clause to be found in Art. 7345b. It merely provides, Sec. 13:

"The provisions of this Act shall be cumulative of and in addition to all other rights and remedies to which any taxing unit may be entitled, but as to any proceeding brought under this Act, if any part or portion of this Act be in conflict with any part or portion of any law of the State, the terms and provisions of this Act shall govern as to such proceeding. The provisions of Chapter 10, Title 122 of the Revised Civil Statutes of 1925 shall govern suits brought under this Act except as herein provided."

We take it to be conceded Art. 7340 is a special law, and Art. 7345b a general Act.

The enactment and repeal of statutes is a legislative function not to be usurped nor encroached upon by the judicial department of the government. The latter may only construe and declare the intention of the Legislature. Repeals by implication are not favored, and the courts will not declare such except where the intention to repeal is so clear and apparent as to leave no room for doubt or speculation. The rules are few and simple.

Art. 7340, supra, had its beginning with the Act of 1905, Gen. Laws, p. 323, and was set up as a special exception to the general provision on redemption and applied to lands theretofore sold. The 1905 Act was amended in 1907, Gen.Laws, p. 282, by specific reference and applied to past and future sales and relieved of all penalties when sold to the taxing units named. It was again by specific reference amended in 1909, 2nd C.S., p. 400, and came into the 1911 R.S. as Art. 7642. Other amendments occurred in 1913, 1st C.S., p. 25, 1915, 1st C.S. p. 58; 1918, 4th C.S. p. 155, and 3rd C.S. 1920, p. 103, and was brought forward in the R.S. 1925 as it is.

The applicable rule is stated in 39 Tex.Jur. p. 149, Sec. 81, and reiterated by the Supreme Court in Flowers v. Pecos River R. Co., 138 Tex. 18, 156 S.W.2d 260 (pars. 3-5, at page 263), and is: "The en-

actment of a general law does not ordinarily operate as a repeal of a particular or special law, by implication, and this is true although both laws relate to the same subject matter. In such instances both laws are permitted to stand, and the general law is applicable to all cases not embraced in the specific act. * * * the particular act is construed as the exception to the general law," and cases cited.

The rule is found in 59 C.J. p. 931, Sec. 536, and is stated with the exceptions, thus:

"While the rule undoubtedly is that a general affirmative act, or the general provisions of an act, without express words of repeal, ordinarily will not repeal or affect a previous special or local act, or the specific or particular provisions of a prior act, on the same subject * * *."

Whether there has been a repeal by implication is a question of legislative intent, and the intent must be "plainly, clearly and unequivocally manifest, as where the two acts are irreconcilably inconsistent or repugnant, or where the general not only covers the whole subject matter of the special one, but is also intended to contain all the law on the subject, and to be exclusive or to take the place of the special act * * *." 59 C.J., supra. Every part and section of this rule has support in Texas cases aside from the respectable authorities cited there.

We cite a few of the many Texas cases:

To effect a repeal by implication the repugnancy must be so glaring and irreconcilable as to clearly indicate the legislative intent to repeal, Ex parte Kimbrell, 47 Tex.Cr.R. 333, 83 S.W. 382; the intent to repeal must be manifest, Paul v. State, 48 Tex.Civ.App. 25, 106 S.W. 448, error refused; the intention must be clear, Sullivan v. City of Galveston, Tex.Civ.App., 17 S.W.2d 478; Id., Tex.Com.App., 34 S.W.2d 808; the repeal of the former special act must be necessary to give effect to the words of a subsequent general act, Burkhart v. Brazos River, etc., Tex.Civ.App., 42 S.W.2d 96; the inconsistency and repugnancy must be such that the two statutes cannot stand together, Canode v. Sewell, Tex.Civ.App., 172 S.W. 142; Miller v. Smiley, Tex.Civ.App., 65 S.W.2d 417, error refused. Such cases might be multiplied many times.

It is urged Art. 7345b, repeals Art. 7340, because there exists a conflict, and if it may be conceded there is no conflict the repeal is effected by implication, nevertheless.

As said in Pearsall, etc., v. Widner et al., Tex.Civ.App., 136 S.W.2d 647 (Par. 1, at page 648), the primary and chief purpose of Art. 7345b was to prevent a multiplicity of suits. This article does not, we think, undertake to embrace all the law upon the subject of redemption, nor do we construe its provisions to be so inconsistent and repugnant to the provisions of Art. 7340 to necessitate the latter's elimination, applicable the propositions hereinbefore noted.

There is no more room for conflict now between 7340 and Sec. 12, Art. 7345b than at the several times of its successive enactments and amendments, and when it stood as Art. 7642 of the 1911 Revision. At all such times, as now, it stood as an exception and separate provision covering the situation therein named, and we think no conflict exists. In all cases we have read where acts have been held to have been repealed by implication the intention of the Legislature to repeal is so clear, plain and obvious as to make it unavoidable. Such is not the situation in the instant case. It may not be said the Legislature was not aware of the provisions of 7340 when it enacted 7345b. We think had it intended to repeal the article it would have plainly and clearly indicated it.

Repeal is further urged upon grounds of public policy and is said the penalty is to provide compensation for the use of the property during the period of redemption when the purchaser is denied possession, and chiefly to increase the chances of selling property bid in by a taxing unit and keeping it on the tax rolls. Under the provisions of 7340 when redemption is had from a taxing unit the units collect everything due up to the date of redemption. They lose nothing by reason of the denial of possession. What more should a taxing unit be entitled to? It will be observed the very purpose of the Legislature in remitting the penalty, as disclosed in the emergency clauses, was to return property to the tax rolls that it might again produce public revenue.

It is said: "The penalty also has, no doubt, a purpose in deterring the land owner from ignoring his obligations and allowing his lands to go to sale." There are probably few willful neglects and failures to pay taxes. Undoubtedly the great ma-

jority result unavoidably and because of the strained circumstances of owners. The Legislature has repeatedly, and more recently than Article 7345b, shown its leniency in the matter of relieving against penalties and even interest by the oftentimes remission thereof. We think the so-called penalty not levied for purposes of punishment but more probably to induce private purchasers to invest their money in property sold for taxes and to match their cash against the taxing unit debt, thereby keeping the property in private hands and on tax rolls and contributing its share to the public revenues. Any owner of a debt at a public sale has the decided advantage. Other bidders must provide and pay cash. Taxing units, as bidders, are limited to the amount of their debt, because they may not spend their money on and own property beyond that necessary for public purposes and beyond self-protection in their debt and become competitors with private bidders. Private purchasers under Sec. 8, Art. 7345b, may not bid less than the amount of the judgment in favor of the taxing units, or the adjudged value of the property, which ever is lower, nor does he collect the taxes accrued during the period of redemption, nor the costs, etc. The taxing unit may bid less under this section.

For a long time prior to the enactment of Art. 7345b the Legislature through our tax laws recognized a distinction between a redemption from a private purchaser and from a taxing unit. In 1928 the Supreme Court in Rose v. Turner, 117 Tex. 464, 7 S.W.2d 70, held that Art. 7340 did not repeal the prior statute fixing the conditions of redemption from a private purchaser.

It will be noted the redemption under Sec. 12, supra, is limited to sales under the judgment, whereas, 7340 embraces and covers all sales however made. We think it may not be said the Legislature intended to repeal one provision only of 7340 and thereby leave two methods of redemption from the named units, nor that it intended to repeal one of the provisions thereof and leave the redemption to one class of sales only.

It has been suggested the dicta in Pearsall, etc., v. Widner, supra [136 S.W.2d 649], may have some significance wherein it is said:

" * * * the remedies of the four units may and were intended to be enforced in one proceeding, under one adjudication, through foreclosure of one lien at one sale, subject to one redemption."

There is but one suit, one judgment, one sale, and but one redemption whether the redemption is had under one provision or another.

We think the trial court judgment correct and it is affirmed for the reasons stated.