### YOUNG et al. v. CITY OF MARSHALL.
#### (No. 1884.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 28, 1917. Rehearing Denied Jan. 10, 1918.)

1. TAXATION ⬅️345—ASSESSMENT—NAME OF DECEASED OWNER.

Under Rev. Civ. St. art. 7527, providing that all real property subject to taxation shall be assessed to the owners thereof in the manner herein provided, but no assessment of real property shall be considered illegal by reason of the same not being listed or assessed in the name of the owner, an assessment against property in the name of a deceased person was valid as against subsequent purchasers from the heirs.

2. MUNICIPAL CORPORATIONS ⬅️978(7)—ACTIONS FOR TAXES—LIMITATIONS.

Under a city charter providing that suits for taxes shall be brought within four years from the time they become due, limitations began to run against a city from the 1st day of February of each year; each year's taxes forming the basis of an independent and separate cause of action.

Error from District Court, Harrison County; P. O. Beard, Judge.

Action by the City of Marshall against T. P. Young and others. Judgment for plaintiff, and certain defendants bring error. Reformed and affirmed.

Young & Young, of Marshall, for plaintiffs in error. C. E. Carter, of Marshall, for defendant in error.

HODGES, J. The following is the substance of the court's findings of fact in this case: On the 7th of August, 1911, the city of Marshall instituted a suit against Mar-

garet Wright for taxes due the city from 1906 to 1910, inclusive, on lot 19 of the Chevallier addition to the city of Marshall. Citation was issued, but there was no evidence that it was ever placed in the hands of the sheriff, or any attempt made to serve it. On the 8th day of July, 1913, an alias citation was issued to Margaret Wright and placed in the hands of the sheriff, but no return was ever made, it having been ascertained that Margaret Wright was dead. On the 12th of May, 1914, the city of Marshall filed an amended original petition, making parties defendant T. P. Young and Cary Abney, of Harrison county, M. M. Parks, Thos. S. Plowman, and J. C. Patton, of Dallas county, and James Wright, Lee Wright, and John Wright, alleged to be transient persons whose residences were unknown. That amendment was for taxes due from 1906 to 1910, inclusive, on the lot above referred to. Citation by publication was issued upon that amended petition for each of the defendants. On July 7, 1914, T. P. Young, Cary Abney, M. M. Parks, T. S. Plowman, and J. C. Patton answered, setting up appropriate defenses, and alleging that the land was owned by Young, Abney, and Parks in fee simple; it having been acquired by them from the children and only heirs of Margaret Wright, then deceased. On March 1, 1917, Abney filed a disclaimer. No answers were filed by the Wright heirs. The evidence shows that Mrs. Margaret Wright died in February, 1902, and that the property had been continuously assessed in her name since that time, and has never been assessed in the name of any other person. The record further shows that on the 1st day of March, 1917, the city of Marshall filed another amended original petition, in which it claimed taxes for the years 1906 to 1915, inclusive.

From these findings of fact the court concluded, as a matter of law, that the issuance of the citation on the 7th of August, 1911, and the alias citation on the 8th of July, 1913, did not interrupt the running of the statute of limitation against the collection of the taxes, but that the filing of the plaintiff's amended petition on the 12th of May, 1914, did have that effect. He further concluded that the city was entitled to recover judgment for taxes for the years 1910, 1911, 1912, 1913, 1914, and 1915, with interest, penalties, and attorney's fees, with the foreclosure of the tax lien, which judgment should be made a charge upon the property alone; no personal judgment being rendered against any of the defendants. It was further ordered that Abney and the Wright brothers be discharged with their costs. From that judgment T. P. Young, M. M. Parks, T. S. Plowman, and J. C. Patton have prosecuted this writ of error.

[1] The first assignment of error assails the judgment of the court upon the ground that the undisputed evidence shows that the property was assessed in the name of Margaret Wright, who died in 1902. It is contended that by reason of that fact the assessments were invalid, and will not support a suit for the recovery of the taxes. Article 7527 of the Revised Civil Statutes provides that:

"All real property subject to taxation shall be assessed to the owners thereof in the manner herein provided; but no assessment of real property shall be considered illegal by reason of the same not being listed or assessed in the name of the owner or owners thereof."

The record in this case does not disclose whether the property was rendered for taxes by the owners in the name of Margaret Wright, or was listed in her name by the assessor as unrendered property. If the true owners rendered the property in the name of a deceased person, they were in no attitude to claim the invalidity of the assessment. But under the statute above referred to, even if there was an error in listing the property in the name of a person who was not the owner, that fact alone is not sufficient to vitiate the assessment. Taber v. State, 38 Tex. Civ. App. 235, 85 S. W. 835. There is no contention that the description otherwise given of the land in the assessment is incorrect or insufficient.

[2] The second assignment of error complains of the action of the court in giving judgment for the full amount of the taxes sued for, upon the ground that a part of the taxes were barred by the statute of limitations of four years. Section 296 of the charter of the city of Marshall, as enacted in 1909, provides that suits for taxes shall be brought within four years from the time they become due. The record in this case shows that in 1914 the city's amended petition asked for taxes for the years 1906 to 1910, inclusive. It was not until March 1, 1917, that taxes due for the years 1911 to 1915, inclusive, were sued for. Limitations began to run against the city from the 1st day of February of each year for the taxes which accrued for the year before, and the right of the city to collect for any one year was barred by the provision of the charter above referred to when a period of four years had elapsed between the accrual of the right to sue and the institution of the suit. Each year's taxes formed the basis of an independent and separate cause of action. Taxes for the years 1911, 1912, and 1913 had been delinquent more than four years when the city filed its amended original petition March 1, 1917, and for the first time sued for their recovery. The fact that the recovery was sought in an amended petition in which older taxes were sued for did not relieve the city from the operation of the prescribed limitation. We are of the opinion that the city was not entitled to recover for those years, and the judgment will be reformed accordingly.

The remaining assignment of error, we think, is without merit.

The judgment will be reformed in accordance with the views above expressed, and as reformed will be affirmed.