**WILCOX v. HULL–DAISETTA INDE-
PENDENT SCHOOL DIST.**

No. 2951.

Court of Civil Appeals of Texas. Beaumont.

June 5, 1936.

Rehearing Denied June 10, 1936.

Banks & Banks, of Houston, for appellant.

H. A. Maynard, of Liberty, for appellee.

O'QUINN, Justice.

Appellee sued appellant in the district court of Liberty county to recover for certain taxes alleged to be due it, and for foreclosure of tax lien on certain mineral interests alleged to be owned by appellant. The cause was tried to the court on an agreed statement of facts, and judgment rendered against appellant for the sum of $399.81, being the amount of the taxes, interest, and penalties sued for, and costs, with foreclosure of lien upon certain mineral interests therein specified. This appeal is from that judgment.

On January 13, 1919, there was pending on the docket of the District Court of the United States for the Eastern District of Texas, Beaumont Division, cause No. 562, styled Angeline Louise Bailey Dolbear, by Guardian et al. v. Gulf Production Company et al. which involved the title and possession of a certain 300-acre tract of land, together with other lands, situated in Liberty county, Tex., and being a part of the east half of the Jesse Devore League. There were numerous parties plaintiffs and defendants asserting numerous and varied claims to interests in the land. On that date, January 13, 1919, in order to compromise and settle their asserted claims, as to this 300 acres, an agreement was entered into by the various parties. The parties to said agreement were designated as

first, second, third, and fourth parties. The Gulf Production Company, which at the time was developing the 300 acres for oil under a lease assigned to it by the Phœnix Development Company, was designated first party; the Republic Production Company, and others, second party; Angeline Louise Bailey Dolbear, acting by her guardian, Ada C. Bailey, and others, third party; and R. C. Wilcox, appellant here, and others, fourth party. The terms of the agreement were reduced to writing, signed and acknowledged by all the parties to the agreement.

At said date, January 13, 1919, there was pending on said federal docket another suit, No. 563, styled Minor Penn et al. v. Phœnix Development Company et al., in which appellant was claiming an interest in the 300 acres of land involved. Prior to the trial of the Penn-Phœnix suit, the Gulf Production Company entered into the agreement above mentioned having for its purpose settlement of the litigation as to the 300 acres involved in cause No. 562. Said agreement was filed in the cause, the severance was had, and the severed cause, No. 562–B, was duly docketed and judgment therein entered as per the agreed settlement; appellant being adjudged a 3 per cent. royalty interest in the oil produced from said 300 acres of land. This is the property against which the judgment for alleged due taxes is sought, and foreclosure of tax lien on the property.

In the trial below, it was agreed: (a) That appellant's interest in and right to the property involved arose solely out of the contract and agreed settlement in said cause No. 562–B, between the Gulf Production Company and appellant and others, of date January 13, 1919; (b) that subsequent to the execution of said contract of settlement the United States District Court for the Eastern District of Texas, at Beaumont, rendered judgment in the case of Minor Penn et al. v. Phœnix Development Company et al., No. 563, holding that the defendant in this case (appellant Wilcox) held no prior title to or interest in the land involved herein, by reason of which his sole interest, if any, in the property involved arose out of the contract of settlement with the Gulf Production Company; (c) that limitation had run against the taxes for the year 1923; and (d) that the taxes sought to be collected were regularly assessed (if the property of Wilcox was a real property interest), and that no other question was raised as to the regularity of said taxes, and that said taxes had not been paid.

The agreement of the parties upon which judgment in cause No. 562–B was entered, is long, and we shall refer to and quote from those portions only which we deem necessary to a disposition of this appeal. Among other things, the contract of agreed settlement contained the following:

"Now, it is recited that it has been agreed that the controversy involved in said cause No. 562 over the title and possession of said above described 300 acres of land shall be compromised and settled as between all parties to this agreement and it is deemed and considered advisable that the terms and conditions of said compromise and settlement shall be reduced to writing and signed by all parties as evidence of such agreement of compromise and settlement, and to that end it is now agreed and provided as follows, to-wit:

"1. It is understood that other lands than the above described 300 acre tract are involved in said Cause No. 562, and that there are numerous other defendants to said suit claiming to own other parts of the land sued for and described in Plaintiffs' petition; it is therefore agreed, to effectuate a settlement between the parties hereto, that a judgment of severance, both as to parties and land involved, will be entered in said Cause No. 562, in which and by which only the title, and right of possession, to said 300 acre tract shall be involved in said severed cause, and that the only defendant in said severed cause shall be the Gulf Production Company. Said severed cause shall be docketed and known on the docket as No. 562–B, and styled Angeline Louise Bailey Dolbear, by Guardian, et al. v. Gulf Production Company.

"2. That in said severed cause No. 562–B judgment shall be rendered against the plaintiffs and in favor of the defendant Gulf Production Company for the recovery of the title and possession of said 300 acre tract, reserving to the plaintiffs, however, a royalty of three (3%) per cent of all oil produced from said 300 acre tract of land, and three (3%) per cent of the proceeds of all gas sold off of the premises, and three (3%) per cent of the proceeds of all other minerals produced and marketed, which said royalty shall be adjudged in said judgment in favor of the plaintiffs alone, but shall be payable by the Gulf Production Company, in proportions as it may be

directed by proper division order, to the parties of the third and fourth parts herein, and it is expressly stipulated and agreed that in no event shall said Gulf Production Company be required to pay to all of said parties in the aggregate more than three (3%) per cent of the production, or of proceeds as the case may be.

"And, further, it is agreed and stipulated that said three (3%) per cent royalty shall be estimated, computed and calculated after allowing the Gulf Production Company the use of the oil and gas produced to such extent as is reasonably proper and necessary in drilling wells and operating the same on the premises.

"3. It is further understood and agreed between all parties hereto that the Gulf Production Company is now holding said 300 acre tract of land under lease or contract executed by the Phœnix Development Company, a corporation chartered under the laws of the State of Louisiana, and that in another case, to-wit, No. 563, on the docket of the District Court of the United States for the Eastern District of Texas, at Beaumont, styled Caro Minor Penn et al. v. Phœnix Development Company, et al., the title and right of possession as to said 300 acre tract of land is involved, the plaintiffs claiming under the same title as the plaintiffs in No. 562 claim under, and it is contemplated that such case will go to trial and final judgment be entered therein in favor of one party or the other; now it is agreed and stipulated that, if the plaintiffs in said Cause No. 563 succeed in establishing title to said 300 acre tract of land by final decree, the Gulf Production Company will, in addition to paying the three (3%) per cent royalty, above described, to the parties hereinbefore stated as the parties to whom the same is payable, continue to operate on said 300 acre tract of land, and will pay to the parties of the second part herein, in proportions to be designated by them on proper division order, twelve and one-half (12½%) per cent royalty from all oil produced, and twelve and one-half (12½%) per cent royalty from gas and other minerals computed as in paragraph 2, after deducting such portion thereof as may be properly and reasonably used in drilling wells and operating the same on the land, and in addition will pay to said parties of the second part twenty-five (25%) per cent of the net profits secured and realized by it from operating on said 300 acre tract of land. Should the plaintiffs establish their title to some part of the land less than the whole, they shall be entitled to the same proportion of the 12½% royalties, above specified as the part they establish title to is of the whole."

"5. It is further agreed and stipulated that if plaintiffs should fail to establish, by final decree, their title and right of possession to said 300 acre tract of land in Cause No. 563, styled Caro Minor Penn et al. vs. Phœnix Development Company, then the Gulf Production Company will, nevertheless, pay to the parties above designated as the recipients thereof the three (3%) per cent royalty from the production as hereinbefore stated, and in the manner stated, and will also pay over to the parties of the second part herein the twenty five (25%) per cent of the net profits calculated and ascertained as above provided, but shall not pay to any of the parties hereto the twelve and one-half (12½%) per cent royalty above described, nor any part thereof, but shall pay such twelve and one-half (12½%) per cent royalty to the Phœnix Development Company or its assigns, except as provided in paragraph 3 hereof."

From the portions of the agreed settlement and contract of settlement above set out, it is seen (paragraph 3) that the title and possession of the 300 acres involved in the compromise settlement was involved in another cause, to wit, No. 563, in the federal court, and that appellant here was a plaintiff in said cause claiming some portion or right in and to the 300 acres. In the compromise settlement as to the 300 acres (paragraph 2), it was agreed that he should have and the judgment awarded to him a 3 per cent royalty of all oil produced from the 300 acres. While as stipulated in said compromise agreement (paragraph 3) that cause No. 563 pending on the federal court docket involving said 300 acres would proceed to trial, still it was agreed (paragraph 5) that if the plaintiffs in that suit (including appellant) failed to establish their right or claims to the land, that nevertheless the Gulf Production Company (operating the lease on the 300 acres) would pay to the parties covered by paragraph 2 of the agreement (among whom was appellant) 3 per cent royalty of the oil produced; in other words, "pay to the parties above designated as the recipients thereof the three (3%) per cent royalty from the production as hereinbefore stated."

As a result of the agreed settlement and judgment disposing of the rights of the parties involved in the 300 acres, appellant was awarded "a royalty of three (3%) per cent of all oil produced from said 300 acres." The only question here is whether said 3 per cent royalty of the oil produced is an interest in real property taxable in Liberty county, or personal property taxable in Harris county where appellant resides. After careful and repeated consideration of the decisions bearing upon this question, we have concluded that said 3 per cent royalty or interest is an interest in the 300 acres of land and so taxable as real estate in the county where the land is located, Liberty county. The gist of appellant's contention, as we understand, is that his 3 per cent royalty is not a royalty reserved in the usual way as in leases executed dealing with the minerals in place, but is a royalty of such amount of money contracted to be paid to him out of the *proceeds* of the oil when produced. This contention is not believed to be sound. Appellant was affirmatively asserting claim to some part of the minerals in the land. The title and right of possession to the minerals were in question in cause No. 562–B, and by the agreement of all parties to the suit, judgment was entered therein awarding the title and possession to the defendant Gulf Production Company, and "reserving to" appellant "a royalty of three (3%) per cent of all oil produced from said 300 acres of land." It is believed that there is no distinction between this 3 per cent. royalty reserved to appellant in this judgment, and any named royalty reserved to a lessor in an oil lease to be delivered to him when produced, or credited to his account when delivered in pipe line, for the oil must be produced before it can be delivered to the lessor or credited to him. In either event, as the oil must be produced from the land, the interest *"reserved"* is an interest in and pertaining to land, and so, under the law taxable as real estate. Article 7146, R.S.1925; Bracken v. Van Zandt County (Tex.Civ.App.) 74 S.W.(2d) 540, 542 (writ refused). In the cited case, Judge Looney said: "We therefore hold that the royalty interests involved, whether considered parts of the oil and gas in place, *or simply royalties from oil and gas produced, are taxable as real property."* (Italics ours.)

The Supreme Court cited Bracken v. Van Zandt County with approval in Shef-field v. Hogg, 124 Tex. 290, 77 S.W.(2d) 1021, on page 1030, 80 S.W.(2d) 741, where Judge Greenwood said:

"These interests cannot come within the definitions of money or credits as defined in article 7149, R.S.1925.

" 'Real property,' says the statute, 'for the purpose of taxation, shall be construed to include *the land itself,* whether laid out in town lots or otherwise, and all buildings, structures and improvements, or other fixtures of whatsoever kind thereon, *and all the rights and privileges belonging or in any wise appertaining thereto, and all mines, minerals, quarries and fossils in and under the same.'* Article 7146, R.S. 1925.

"Reading the Constitution and statutes together, there is no escape from the conclusion that the interests here involved are meant to be taxed as real estate. Classify them as you may; they are at least rights or privileges belonging or in some wise appertaining to real property, and the Legislature has provided that they be taxed as such. Bracken v. Van Zandt County (Tex. Civ.App.) 74 S.W.(2d) 540."

So here, classify as you may, the 3 per cent royalty of the oil or its value, when produced, belonging to appellant, it is a right or interest, as Judge Greenwood says, belonging or in some wise appertaining to the land, and taxable as real estate.

The judgment is affirmed.