**BALDWIN et al. v. STATE.**

No. 2959.

Court of Civil Appeals of Texas. Beaumont.

July 2, 1936.

Rehearing Denied July 8, 1936.

Stevens & Stevens, of Houston, for appellants.

C. B. Cain, of Liberty, for appellee.

COMBS, Justice.

This is a suit by the state of Texas against Hattie Baldwin, individually, and against Hattie Baldwin and F. T. Baldwin, executrix and executor respectively, under the will of Jacob C. Baldwin, deceased, to recover taxes owing and delinquent for the years 1923 to 1932, inclusive, on certain mineral royalty interests in three tracts of land in Liberty county. The taxes sued for, with penalties and interest, amount to $4,002.76, for which the trial court entered judgment with foreclosure of the tax lien; the judgment being in form the same as that entered in Hattie Baldwin et al. v. Hull-Daisetta Independent School District, 95 S.W.(2d) 1350, a companion case, this day decided.

Appellants' assignment attacking the judgment on the ground of nonjoinder of necessary parties to the suit is overruled. This assignment presents the same question discussed by Justice O'Quinn in the companion case above cited.

The assignment that the mineral interests here involved are personal property, not taxable in Liberty county, is also overruled. See Wilcox v. Hull-Daisetta Independent School District (Tex.Civ. App.) 95 S.W.(2d) 490, where a mineral interest, derived under the same contract and judgment as the mineral interest here involved, was held to be an interest in real estate taxable in Liberty county.

The property involved belonged to Jacob C. Baldwin at the time of his death in 1921. By the terms of his will one-half of it was devised to appellant Hattie Baldwin and the other one-half to two nephews, who are minors, and not parties to this suit. The Jacob C. Baldwin estate is being administered by Hattie Baldwin and F. T. Baldwin as independent executors named in the will. For the years 1923 and 1924, the property was assessed to Hattie and F. T. Baldwin, and for the year 1928 to Mrs. J. C. Baldwin. For all other years involved it was assessed to the Jacob C. Baldwin estate. It is contended that the assessments for 1923, 1924, and 1928 are invalid because not assessed to the Jacob C. Baldwin estate. The assignment is overruled. If it be conceded that the proper way to have assessed the property was to the Baldwin estate because the estate was being administered by the executors, still the failure to so assess it did not invalidate the assessments. Article 7171, Vernon's Ann.Civ.St.; Young v. City of Marshall (Tex.Civ.App.) 199 S.W. 1180; Denman v. State (Tex.Civ. App.) 85 S.W.(2d) 252.

The judgment of the trial court is affirmed.