## BALDWIN et al. v. HULL–DAISETTA INDEPENDENT SCHOOL DIST.

No. 2960.

Court of Civil Appeals of Texas. Beaumont.

July 2, 1936.

Rehearing Denied July 8, 1936.

Stevens & Stevens, of Houston, for appellants.

H. A. Maynard, of Liberty, for appellee.

O'QUINN, Justice.

Appellee sued Hattie Baldwin, F. T. Baldwin, J. C. Baldwin, and Robert Basil Baldwin individually, and also sued Hattie Baldwin and F. T. Baldwin as independent executors of the will of Jacob C. Baldwin, deceased, to recover certain taxes alleged to be due it, and for foreclosure of tax lien on certain mineral interests alleged to be owned by appellants.

It developed that J. C. Baldwin and Robert Basil Baldwin were minors and they were dismissed from the suit, and recovery is sought against Hattie Baldwin and F. T. Baldwin individually, and as independent executors of the will of Jacob C. Baldwin, deceased.

The defendant F. T. Baldwin, as executor, answered by general demurrer and general denial. Individually he answered that he was not in any way interested in the property involved in the suit, and disclaimed any right, title, or interest therein.

The defendant Hattie Baldwin answered, individually and as one of the executors of the estate of Jacob C. Baldwin, deceased, by general demurrer, general denial, and specially, among other defenses: (a) That the property had not been regularly assessed for taxes, in that same had been assessed against the estate of Jacob C. Baldwin, deceased; and (b) that she owned no realty interest in the 300-acre tract out of the Jesse De Vore survey, but that her only interest therein was .004 per cent. of the value of the oil and gas produced therefrom by the Gulf Production Company operating under a lease from the Phœnix Development Company, which said interest was not taxable as realty or interest in real estate; and (c) that she (Hattie Baldwin) was not the owner of the entire property sought to be taxed, but that same was owned one-half by the minors J. C. Baldwin, Jr., and Robert Basil Baldwin, and one-half by her, and that said property had not been assessed against each owner as required by law, but only against the estate of J. C. Baldwin, deceased.

The property upon which the taxes were assessed and levied, and for which judgment was sought, consisted of the following: (a) An undivided .00473 per cent. royalty interest in the oil and gas in a 150-acre tract lease out of the northeast corner of a 1,100-acre tract in the east half of the Jesse De Vore league in Liberty county, Tex., said 150 acres having been leased to the Phœnix Development Company for oil purposes and the lease assigned to the Gulf Production Company; (b) an undivided .004 per cent. royalty interest in the oil and gas produced from the Gulf Production Company 300-acre oil and gas lease out of the northwest corner of the Phœnix Development Company 1,100-acre tract in the east half of the Jesse De Vore league; and (c) an undivided .0625 per cent. royalty interest in the oil and gas in 119.15 acres, a part of the middle one-third of the west one-half of said Jesse De Vore league, said 119.15 acres described by metes and bounds.

The cause was tried to the court and judgment rendered against appellants individually and as executors of the estate of Jacob C. Baldwin, deceased, for $2,159.14, being for the taxes, interest, penalties, and costs due; said judgment showing and reciting the amounts due for each year beginning with 1924, up to and including the year 1932, on and against each of the three tracts, or interest in said three tracts of land described in appellee's petition, and foreclosed the tax lien on said property. We have the case on appeal.

There is an agreed statement of facts in the record, from which it appears: (a) That the Hull-Daisetta Independent School District seeks to collect taxes on the three parcels of property above described. That each of said parcels of property was assessed upon the tax rolls of said school district, as follows:

"For the year 1923 to Hattie and F. T. Baldwin.

"For the year 1924 to Jacob Baldwin.

"For the years 1925, 1926, 1927, 1928, 1929, 1930, 1931 and 1932 to Jacob C. Baldwin estate.

"That for the years such property was listed and rendered for taxes to the tax assessor of the Hull-Daisetta Independent School District, by defendants, or either of them, said tax assessor did duly and legally assess said property by the description and at the valuation, as contended in said inventory and assessment rolls, and for the years in which the tax assessor of the Hull-Daisetta Independent

School District failed to obtain a list, statement and inventory of said property from the defendants, or either of them, or óther owners of said property, he did, in accordance with law, ascertain the amount and value of said property and did duly ánd legally list, inventory and assess on the unrendered assessment rolls by· the description and at the valuation, as shown in the assessment rolls of said school district and as shown in plaintiff's first amended original petition.

'"That heretofore, and in due compliance with the constitution and laws, the said taxes hereinabove appearing were listed, levied and assessed by the legal officers óf said school district against whom and to whom it appears from said petition the said taxes were listed, levied and assessed and were not paid within the time allowed before becoming subject to the law relating to delinquent taxes.

·"That said taxes for the years above shown including a penalty of ten percentum thereof, are due, delinquent and 'unpaid with interest at six percent per annum from the first day of January next succeeding any year for which such taxes are delinquent in the total sum of Twenty One Hundred Fifty Nine and Fourteen óne-hundredths ($2,159.14) Dollars and are fully and specifically ·stated in said petition.

"That said taxes above appearing have been heretofore in all respects listed, levied, assessed and returned delinquent; that the list thereof have been duly and legally approved, recorded and filed by the officers of the Hull Daisetta Independent School District, as required by the laws of taxation of this state."

' The record further disclosed that the property involved belonged to Jacob C. Baldwin in 1921, and that he died some time in that year. He left a will in which he devised one half of the property to his wife, Hattie Baldwin, appellant herein, and·the other half (one-fourth each) to his two grandsons, J. C. Baldwin and Robert Basil Baldwin. The will was duly probated. Hattie Baldwin and F. T. Baldwin were named independent executors in the will, and they duly qualified and took charge of the estate, and were administering same when this suit was filed and ·when the judgment was rendered.

·' ■■ There was no error in proceeding to judgment and foreclosing the· tax lien without the minors, J. C. Baldwin and Robert Basil Baldwin, who owned a one-half interest in the property, being parties to the suit and judgment. As is shown above, they were originally made parties, but when it appeared that they were minors they were dismissed from the suit. Appellants' contention that they were necessary parties, and that it was error to render judgment without them being parties defendant, is overruled. They· were proper parties, but not necessary parties. Tabasco Consolidated Independent School District v. Reyna's Estate (Tex.Civ.App.) 93 S.W.(2d) 796. While article 7328, R.S.1925, as amended by Acts 1927, 1st Called Sess., c. 99, § 1 (Vernon's Ann.Civ. St. art. 7328), provides and contemplates that all proper persons, including lien holders, shall be made parties defendant in suits for the collection of taxes assessed against property in this state, still the failure of the tax-collecting authority to join all parties interested in the property against which the tax is asserted, is not a defense to the suit, nor a valid reason to delay judgment against the owners who are properly before the court. It is well settled that suit for collection of taxes assessed against property in this state may be prosecuted to judgment against all or only a part of the joint owners of such property.

■ In the instant case it is without dispute that appellant Hattie Baldwin owned an undivided one-half of the property involved, and that the minors, J. C. Baldwin and Robert Basil Baldwin, owned the other one-half, but had not 'come into possession of same. Hattie Baldwin, half owner of the property, and F. T. Baldwin, under the will of Jacob C. Baldwin, were the independent executors of the estate of Jacob C. .Baldwin, deceased, and, having duly qualified, had taken possession of the estate and were administering same. The taxes were assessed against the estate of Jacob C. Baldwin, including the half of the minors J. C. and Robert Basil Baldwin in the hands of the executors, appellants. This, under subdivision 3 of article 7152, R.S.1925, was a proper listing and rendition of their interest in the property. Indeed, in the agreed statement of facts, it is stipulated that everything relating to the rendition of the property for taxes was regular and correct. Under this state of facts, the court did not err in proceeding to hear the case and render judgment against

Hattie Baldwin individually, and Hattie Baldwin and F. T. Baldwin as executors of the estate of Jacob C. Baldwin, for the amount of the taxes, interest, penalties, and costs due on the property; all of said property being then still in the hands of said executors in course of administration. It was the duty of Hattie Baldwin to pay the taxes lawfully chargeable against her interest in the property, and her failure to do so rendered her interest therein subject to foreclosure and sale. Furthermore, it is believed that as the whole of the property was included in the estate of Jacob C. Baldwin, deceased, and of which estate appellants Hattie Baldwin and F. T. Baldwin were the duly qualified and acting executors in possession of said property, against which the taxes had been assessed and levied as against the estate of Jacob C. Baldwin, that said taxes were thus legally chargeable against the whole of said property, and same was subject to judgment, foreclosure, and sale; it being the duty of said executor of the said estate to have in the first instance made provision for the payment of said taxes. In other words, as we view it, the property of the estate not having been distributed among the devisees, but remaining as a whole, the taxes were properly assessed and levied against it as a whole, and same was subject to judgment, foreclosure, and sale as a whole; the devisees still having their rights in same after the payment of the taxes in their proper proportion.

▮ As we understand, appellants do not contend that the royalty interests, other than the .004 per cent. royalty interest in the 300-acre lease operated by the Gulf Production Company, are not taxable as realty. It is contended that the .004 per cent. royalty interest is not taxable as realty because same grew out of and existed in a contract by and between the Gulf Production Company and other parties to a certain suit, cause No. 562, pending on the docket of the District Court of the United States for the Eastern District of Texas, Beaumont Division, in which suit the title to the 300 acres out of the De Vore league of land in Liberty county, Texas, above mentioned, was in dispute, and in a compromise settlement of the rights of the parties to the oil, gas,

and other minerals, in this tract of land Jacob C. Baldwin was to receive and in said compromise agreement and judgment same was adjudged to him, the .004 per cent. royalty of all oil and gas produced from said land to be paid by the Gulf Production Company, which was then developing said land under an assignment of a lease covering same from the Phœnix Development Company. Jacob C. Baldwin was a party to said cause, and was claiming a right in and to the oil and gas involved in said lease covering said 300 acres. In said compromise agreement, which was in evidence, and the consequent judgment based thereon, he was adjudged a .004 per cent. royalty interest in the oil and gas produced from said 300 acres. The exact question here presented, arising out of the same compromise agreement settlement and judgment, was before us in the case of Wilcox v. Hull-Daisetta Independent School District, 95 S.W.(2d) 490, recently decided by us, in which we held against appellants' contention and that said royalty interest was an interest in land, and so taxable as realty. Wilcox v. Hull-Daisetta Independent School District (Tex.Civ.App.) 95 S.W.(2d) 490; Bracken v. Van Zandt County (Tex.Civ.App.) 74 S.W.(2d) 540 (writ refused); Sheffield v. Hogg, 124 Tex. 290, 77 S.W.(2d) 1021, 80 S.W.(2d) 741. The decisions cited well establish the rule that royalty interests, such as here involved, whether considered parts of the oil and gas in place, or simply royalty from oil and gas produced, are taxable as real property.

▮ The assignment that the court erred in rendering judgment to the effect that the entire property against which the taxes were assessed and levied should be sold for the taxes, and then, if there was any deficiency in the amount derived from the sale, to proceed against Hattie Baldwin for such deficiency, is overruled. The judgment protected the rights of Hattie Baldwin in such event by limiting the amount to be received from her by reason of such deficiency to such sum as would make in all one-half of the total amount due against said property, and being the amount due and owing by said appellant individually.

No reversible error being shown, the judgment is affirmed.