## WILLACY COUNTY WATER CONTROL AND IMPROVEMENT DIST. NO. I v. LEWIS.

### No. 10376.

Court of Civil Appeals of Texas. San Antonio.

June 22, 1938.

Rehearing Denied Aug. 3, 1938.

J. G. Foster and R. F. Robinson, both of Raymondville, for appellant.

S. L. Gill, of Raymondville, and A. J. Lewis, and Ralph G. Langley, both of San Antonio, for appellee.

SLATTON, Justice..

Willacy County Water Control and Improvement District Number One brought this suit against A. J. Lewis to recover taxes, penalties, interest and costs alleged to have accrued against land owned by said Lewis situated within the district in virtue of assessments made for the years 1930 to 1936, inclusive, aggregating the sum of $1,339.16.

By a sworn plea Lewis sought the abatement of the suit because other taxing units in which the land was situated were not made parties, or that such taxing units had not intervened, and that the District had not notified said other taxing units of the filing of this suit, as required by section 2 of Article 7345b, Vernon's Ann.Civ.St. 45th Legislature, 1937, c. 506, and the District refused so to do.

Upon a hearing the trial court abated the suit and the district appeals.

It is asserted by the District that this suit was instituted under the provisions of Art. 7328, and that Art. 7345b has no application, hence the trial court erroneously abated the suit. It is further contended that Art. 7345b is in conflict with Art. 8, Section 10, Constitution of Texas, Vernon's Ann.Civ.St.Const. Art. 8, § 10. It is further asserted by the District that Art. 7345b is cumulative of the provisions of Art. 7328, R.C.S.1925, as amended, Vernon's Ann.Civ.St. Art. 7328, and for that reason the District was not required to notify

other taxing units as required by Section 2 of Art. 7345b, 45th Legislature, 1937.

Prior to the passage of Art. 7345b by the 45th Legislature in 1937 it had been held, under Art. 7328, R.C.S.1925, as amended, Vernon's Ann.Civ.St. Art. 7328: "Suits for the collection of taxes assessed against property may be prosecuted to judgment against all or only part of the joint owners of such property," notwithstanding the fact that Art. 7328, R.C.S.1925, as amended, Vernon's Ann.Civ.St. Art. 7328, provides: "The proper persons, including all record lienholders, shall be made parties defendant." Baldwin v. Hull-Daisetta Ind. School Dist., Tex.Civ.App., 95 S.W.2d 1350. Those who are parties are bound, while those who are not parties are not bound by the judgment rendered. Sanchez v. Hillyer-Deutsch Jarratt Co., Tex.Civ.App., 27 S.W.2d 634, writ refused.

■■■ A reading of the statute, 7345b, clearly shows that it was intended by the Legislature to allow taxing units, in the institution of suits for the recovery of taxes, to implead all other taxing units which had taxes due to them assessed against the property. If such taxing units are not impleaded the statute provides that "It shall be mandatory * * * to notify all such taxing units not so impleaded of the filing of such suit." The wording of the statute is plain, and insofar as the facts presented upon this appeal are concerned, little room, if any, is left for construction. Evidently it was intended to avoid a multiplicity of suits and no doubt to equally protect the interests of the various taxing units involved. Be that as it may, unless the statute violates constitutional provisions, the courts are bound to respect the legislative authority expressed in it.

■■■ The District presses upon us the argument that because of the requirement of the statute for the taxing unit filing suit to notify the tax collectors of the other taxing units of the pendency of the suit, and in the event such tax collectors by reason of neglect of duty or of their willful failure to file their tax claims in such suit, that such taxing unit would by the act be deprived of its taxes. The terms of the act make no such provisions with reference to taxing units not impleaded and required to be notified of the pendency of the suit. Such notice as required by the act is intended to give such unit an opportunity to come into the suit and present its claims for taxes due. No provision of the act is pointed out that would authorize a court to adjudicate its claim upon its failure to come into the suit. The facts of this case do not invoke a decision upon the statute's constitutionality. It is to be noticed, however, that the argument made is predicated upon the assumption that public officials will not perform their official duties. The law presumes that public officials will discharge their official duties. Anderson v. Polk, 117 Tex. 73, 297 S.W. 219, (Supreme Court). Assuming that the officers of the various taxing units will perform their official duties, which we must under the law, it is not perceived how, in any manner, the act will contravene Sec. 10, Art. 8, of the Constitution of the State, Vernon's Ann.Civ.St.Const. Art. 8, § 10. The assertion is made that the act is merely cumulative of Art. 7328, supra. It is believed that the act makes additional requirements in the institution and prosecution of tax suits to those required by Art. 7328, and by its own terms provides, "if any part or portion of this Act be in conflict with any part or portion of any law of the State, the terms and provisions of this Act shall govern as to such proceeding." Vernon's Ann.Civ.St. Art. 7345b, § 13.

■■■ It is our opinion that the District, in the absence of impleading the other taxing units in which the land was situated and to which taxes were due, was obligated by the mandatory provisions of the statute to notify such other taxing units of the pendency of the suit, in accordance with the terms of the statute. Therefore, the trial court correctly abated this suit for the District's failure and refusal to do so.

Accordingly, the judgment is affirmed.