

# THE ATTORNEY GENERAL
# OF TEXAS

GROVER SELLERS
~~WILLXWIRXON~~
ATTORNEY GENERAL

Hon. Ray Winder
County Attorney
Cooke County
Gainesville, Texas

Dear Sir:

Opinion No.  O-7177
Re: Redemption by the original own-
ers of land sold at foreclosure
tax sales.

We have your request for an opinion reading as follows:

"Certain real estate in Cooke County has been recently sold at tax sale to private purchasers, and some of the original owners of such lands desire to redeem same.

"The suits were filed by an attorney under contract with the County of Cooke as well as the City of Gainesville, covering State, County, City, and School taxes, the tax liens were duly foreclosed, and the property sold at public sale at the Court House door as provided by statute.

"Information is desired as to the amount required to be paid by the original owners in order to redeem their land from tax sale?

"Articles 7272 to 7283, R.C.S., provides for the sale of real estate, in certain cases, by the County Tax Collector.  Said Article 7283, R.C.S., provides for redemption within the first year after sale by payment of the amount of money paid by the purchaser of the land plus 10%; 20% during the second year. It is believed that this has nothing to do with fore-closure sales through the court.

"Articles 7284-a and b, R.C.S. (Acts 1927) provide for redemption from State, County and District tax sales by payment of double the amount paid by the purchaser at such sale.

"Article 7345-b, section 12, R.C.S. (Acts 1937-1939), provides for redemption by the owner within the

first year of the redemption period, upon payment of
the amount paid for the property by the purchaser at
the sale, plus 25% thereof, or within the last year of
the redemption period upon payment of amount paid for
the property plus 50% thereof. Provision is also made
for redemption thru the tax collector as set forth in
Articles 7284 and 7285, R.C.S.

"It is believed by the writer that Article 7345-b,
section 12, R.C.S., is the applicable law with reference
to redemption by the original owners of land sold at fore-
closure tax sales, but some of the purchasers at such
sales are demanding double the amount paid by them for
the property, as specified in Articles 7284-a and b, R.C.S.
It appears to the writer that Article 7345-b and Articles
7284-a and b cover exactly the same matter and are incon-
sistent, and that therefore Article 7345-b controls be-
cause it is the later law.

"Information is further desired as to method of re-
demption where the owner redeems directly from the pur-
chaser at the sale. Articles 7284, 7284-a and b, and
7345-b, section 12, R.C.S., provide for the redemption
of property sold at tax sale and fix the amount to be
paid to the purchasers at tax sale, but these Articles
fail to provide how such redemptions shall be shown of
record, and this seems to me highly important, especially
from the standpoint of notice to third parties thereafter
dealing with the property.

"It appears to the writer that the purchaser should
execute proper receipt in such form that it may be placed
of record, similar to the requirement in Article 7285,
R.C.S., where lands are redeemed by payments to the tax
collector. Of course, a quit claim deed from the pur-
chaser at tax sale to the original owner would probably
be sufficient. But it seems some definite rule could be
followed in this matter."

You state:

"It is believed by the writer that Article 7345-b,
section 12 R.C.S., is the applicable law with reference
to redemption by the original owners of land sold at
foreclosure tax sales, but some of the purchasers at
such sales are demanding double the amount paid by them
for the property, as specified in Articles 7284-a and b,
R.C.S. It appears to the writer that Article 7345-b
and Articles 7284-a and b cover exactly the same matter
and are inconsistent, and that therefore Article 7345-b

controls because it is the later law."

You are correct in believing that Article 7345-b controls.

The Supreme Court in passing upon a case with facts similar to those stated in your request, to wit:  City of El Paso v. Forti, 181 S.W. 2d, p. 579 said:

"We perceive the controlling question for determination to be whether or not Article 7345b, Sec. 12, Vernon's Civ. St., prescribes the exclusive method for redeeming property sold under a judgment of oreclosure for taxes in suits brought under the provisions of that article. The Act, Article 7345b, had for its chief purpose the prevention of a multiplicity of suits by providing for the inclusion of all taxing units in one action and adjudicating the claims of  · all units in a suit brought by any one or more of such units.  Willacy County Water Control & Imp. District v. Lewis, Tex. Civ. App., 119 S.W. 2d 159, and Pearsall Independent School District v. Widner, Tex. Civ. App., 136 S.W. 2d 647. * * *

"The section with which we are primarily concerned is Section 12, relating to the question of the right to redeem from such sale.  It is as follows:

"'In all suits heretofore or hereafter filed to collect delinquent taxes against property, judgment in said suit shall provide for issuance of writ of possession within twenty (20) days after the period of redemption shall have expired to the purchaser at foreclosure sale or his assigns; but whenever land is sold under judgment in such suit for taxes, the owner of such property, or anyone having an interest therein, or their heirs, assigns or legal representatives, may within two (2) years from the date of such sale, have the right to redeem said property on the following basis, to-wit:  (1) within the first year of the redemption period, upon the payment of the amount bid for the property by the purchaser at such sale, including a One ($1.00) Dollar tax deed recording fee and all taxes, penalties, interest and costs thereafter paid thereon, plus twenty-five per cent (25%) of the aggregate total; (2) within the last year of the redemption period, upon the payment of the amount bid for the property by the purchaser at such sale, including a One ($1.00) Dollar tax deed recording fee and all taxes, penalties, interest and costs thereafter paid thereon, plus fifty per cent (50%) of the aggregate total.

"'In addition to redeeming direct from the purchaser as aforesaid, redemption may also be made upon the basis hereinabove defined, as provided in Articles 7284 and 7285 of the Revised Civil Statutes of Texas of 1925.'

"At the time of the enactment of the Act in question there were in effect various articles of the statutes relating to redemption from tax sales, among them being Article 7340, R.C.S., reading as follows:

"'Where lands or lots shall hereafter be sold to the State or to any city or town for taxes under decree of court in any suit or suits brought for the collection of taxes thereon or by a collector of taxes, or otherwise, the owner or any one having an interest in such lands or lots shall have the right at any time within two years from the date of sale to redeem the same upon payment of the amount of taxes for which sale was made, together with all costs and penalties required by law, and also payment of all taxes, interest, penalties and costs on or against said land or lots at the time of the redemption.'

"It was the view of the Honorable Court of Civil Appeals that Article 7340 is a special law while Article 7345b is a general law, that under the rule that the enactment of a general law does not ordinarily operate as a repeal of a special law by implication, Article 7340 was not repealed by Article 7345b and that, therefore, respondent was entitled to redeem her property by paying the amount prescribed in said Article 7340, and was not required to pay the additional amount of penalties prescribed in Article 7345b. We find ourselves unable to agree with this conclusion.

"It is not necessary for us to decide in this case whether or not Article 7345b, Section 12, repealed and made wholly inoperative Article 7340 or any other article relating to redemption from tax foreclosures. It might be held in cases where only one taxing unit is a party and no other taxing unit has a claim for delinquent taxes that such articles are still in effect, but that they do not operate in a case brought under 7345b, but we do not pass on that question. Article 7345b prescribes a method of redemption in all cases brought under that article under which, if one taxing unit bids in the property, it takes same as trustee for the other taxing units in whose favor judgment ran in the foreclosure suit. Until Article 7345b was enacted a suit like the instant one, in which all taxing units became parties, was unauthorized. Prior to its enactment there were various statutes with reference to redemption. For example, these articles may be cited: Articles 1065, 7284a and 7340, Vernon's Civ. St., each being applicable in the character

of suit to which it related.  Their provisions varied widely.
It seems clear to us that when the Legislature enacted 7345b,
whereby all taxing units could be joined in one suit and the
property bid in by one such suit for the benefit of all, and
prescribing the terms upon which same might be redeemed, it
intended that those terms should govern in all cases of redemp-
tion in that character of suit regardless of who became the
purchaser at the sale.  The confusion which would result from
a contrary holding in a case like the instant one, is obvious.
To determine the amount to be paid to the various units, if
possible to do so, when under the statutes above cited differ-
ent terms were prescribed would bring into play some highly
involved computations.  We cannot ascribe to the Legislature
the intent to create confusion when its evident purpose was
simplification and clarity.

"But the amount cannot be so determined, for to hold
that the various statutes above cited should be applied in de-
termining the amount of money required to be paid in order to
redeem in a case like the instant one, would create an impos-
sible situation.  In this case one of the taxing units is a
district.  Under Article 7284a, in order to redeem as against
a district, the owner would be required to pay 'double the a-
mount paid by the purchaser at such sale.'  That is the only
basis for redemption of land sold under a decree in favor of
a district, if Article 7345b, Sec. 12, is not applicable.
Hinkson v. Lorenzo Independent School District, Tex. Civ. App.,
109 S.W. 2d 1008.  Under Article 7340, the basis is the amount
of delinquent taxes for which the sale is made.  Under Article
7345b, Sec. 8, the bid of a taxing unit may be less than the
amount of the taxes found to be owing.  While the amount bid
in this case by the City was the total amount owing to all of
the taxing units, still it would not be contended that the
owner would be required to pay double that amount to redeem
from the district alone in addition to the amount required to
be paid to the other taxing units under Article 7340.  Without
a basis of computation applicable to all of the taxing units
under the various redemption statutes in existence at the time
Article 7345b was enacted those statutes cannot be made to
apply in a case like the instant one brought under that article."
(Emph. ours)

The above fully answers your question as to the amount
to be paid the purchaser by the owner under a state of facts
related in your request.

Your inquiry as to the "method of redemption where the
owner redeems directly from the purchaser at the tax sale", our
answer is that a quit claim deed should be obtained and placed
of record.  Of course, if the owner and purchaser cannot agree
on the amount, the owner can redeem from the tax collector in

the manner provided by Arts. 7284 and 7285 and place the receipt issued to him of record.

If the owner and purchaser agree on the amount but the owner refuses to give the quit claim deed or a recordable receipt, the owner can file suit in Trespass to Try Title and pay as a tender the amount due the purchaser into the registry of the Court and obtain judgment against the purchaser and obtain a certified copy thereof and record it in the County Clerk's office.

We trust that the above answers your questions.

Yours very truly

ATTORNEY GENERAL OF TEXAS


By s/Jos. V. Frnka
Jos. V. Frnka
Assistant

JVF:djm:wc


APPROVED APR 17, 1946
s/Grover Sellers
ATTORNEY GENERAL OF TEXAS

Apporved Opinion Committee By s/BWB Chairman