

# THE ATTORNEY GENERAL.
## OF TEXAS
### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 16, 1948

Hon. Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-739

Re: The necessity for surface owners of State classified mineral lands to pay State ad valorem taxes on the value of the surface plus the minerals.

Dear Sir:

You request our opinion as to whether surface owners of State mineral classified lands must pay a State ad valorem tax on the value of the surface plus the minerals or on the surface value only.

For the purpose of this opinion your question will be considered as to the liability of the surface owner for the payment of the State ad valorem tax (a) prior to the lease of the mineral interest, and (b) at the time of and subsequent to the lease of said interest.

The Supreme Court of Texas in the case of Sheffield v. Hogg, 124 Tex. 290, 77 S.W.(2d) 1021, has stated the rule of law as follows:

"We will add a few words as to the royalty interest involved under the lease of the unpatented school land survey, which is, as said in plaintiffs in error's argument, 'executed by the lessor individually and as agent for the State of Texas.'

"After upholding the validity of the Relinquishment Act in Greene v. Robison, 117 Tex. 533, 8 S.W. (2d) 655, the Supreme Court, in an adopted opinion by Judge Sharp, for the first time definitely determined the nature of the interests of the agent lessor and of his assigns in words concise, clear, and unambiguous, viz.:

"'In the case of Greene v. Robison, 117 Tex. 533, 8 S.W. (2d) 655, it was held that, by the terms of the Relinquishment Act it is meant that the oil and gas in place shall not vest in the owner of the soil as his property, but that it means that 15/16 of the

minerals and ½ of any and all amounts received above 10 cents per acre per annum as rental shall be allowed the owner of the land for his services as agent of the state in making the mineral leases. In our opinion, the act, when fairly and reasonably construed, also means that all minerals not disposed of go with the title of the land, subject to the provisions of the act. That when a valid and binding lease or conveyance of the minerals is made by the owner of the land, as the agent of the state, then in that event he receives the foregoing amounts as compensation for his services. His share of the rentals, royalties, and bonuses derived from the leases executed by him become property rights during the period of time for which the lease runs. Prior to the making of the mineral lease, the owner of the land has no right to assign or convey any mineral rights in the property. It is the intention of the law that the owner of the land shall be the agent of the state to execute mineral leases. Whenever a mineral lease executed by a prior owner terminates, the then owner of the land becomes the agent of the state with authority to sell or lease the oil and gas mineral rights, as provided for in the Relinquishment Act.

"'The rule is well established that it is not the policy of the law of this state to favor restraints upon alienation of property. The courts of this state have established the rule that rents or royalties payable under oil and gas mineral leases are severable and separable from the ownership of the surface estate and are property rights, and, having established this rule with respect to such property, we think, under the policy of the law of this state, that they are assignable by the owner thereof. Lemar v. Garner, 121 Tex. 502, 512, 513, 50 S.W.(2d) 769, 773. (Italics ours.)"

\* \* \*

"Reading the Constitution and statutes together, there is no escape from the conclusion that the interests here involved are meant to be taxed as real estate. Classify them as you may, they are at least rights or privileges belonging

or in some wise appertaining to real property, and the Legislature has provided that they be taxed as such. Bracken v. Van Zandt County (Tex.Civ.App.) 74 S.W.(2d) 540."

On motion for rehearing (124 Tex. 290, 80 S.W.(2d) 741), the Supreme Court held that the surface owner's royalty interest acquired by him as agent for the State was taxable as an interest in land, irrespective as to whether or not the mineral classified land was patented or unpatented.

Prior to the execution of the mineral lease, all of the mineral interest in the mineral classified land is the property of the State of Texas, and the surface owner has no title to the minerals whatsoever. Hence, he is not required to render such mineral interest for taxation or to pay an ad valorem tax thereon.

However, upon the execution of a mineral lease by the surface owner as agent for the State of Texas, he is required to make rendition of and pay an ad valorem tax upon the value of the royalty interest acquired by him as agent by the execution of the lease, as well as the surface value, during the life of the lease.

## SUMMARY

Prior to the execution of a mineral lease by the surface owner of State mineral classified lands, the surface owner is liable for the payment of State ad valorem taxes upon the surface value only. After a mineral lease has been executed by the surface owner as agent for the State of Texas, he is required to pay a State ad valorem tax upon the royalty interest acquired by him by reason of the execution of such lease, in addition to the surface value. Sheffield v. Hogg, 124 Tex. 290, 77 S.W.(2d) 1021, 80 S.W.(2d) 741.

Yours very truly

APPROVED:

ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL

By

C. K. Richards
Assistant

CKR/JCP